■ Denice LaBarca Zito, Appellant, v Edward Jastremski, et al., Respondents. [925 NYS2d 91]—

In an action, inter alia, to recover damages for dental malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Richmond County (Straniere, J.), dated October 20, 2009, which granted the motion of the defendants Edward Jastremski and Edward Jastremski, D.D.S., P.C., and the separate motion of the defendant Robert Martini for summary judgment dismissing the complaint insofar as asserted against each of them, (2) a judgment of the same court dated December 2, 2009, which, upon the order dated October 20, 2009, is in favor of the defendants and against her dismissing the complaint, and (3), as limited by her brief, from so much of an order of the same court dated May 27, 2010, as, in effect, denied that branch of her motion which was for leave to renew her opposition to the defendants' respective motions for summary judgment.

Ordered that the appeal from the order dated October 20, 2009, is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the order dated May 27, 2010, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants appearing separately and filing separate briefs.

The requisite elements of proof in a dental malpractice action are a deviation or departure from accepted standards of dental practice, and that such departure was a proximate cause of the plaintiff's injuries (*see Sharp v Weber*, 77 AD3d 812, 813 [2010]; *Koi Hou Chan v Yeung*, 66 AD3d 642 [2009]; *Cohen v Kalman*, 54 AD3d 307 [2008]). Consequently, on a motion for summary judgment, a defendant has the initial burden of establishing that he or she did not depart from good and accepted practice, or if there was such a departure, that it was not a proximate cause of the plaintiff's injuries (*see Myers v Ferrara*, 56 AD3d 78, 83 [2008]; *Larsen v Loychusuk*, 55 AD3d 560, 561 [2008]; *Terranova v Finklea*, 45 AD3d 572 [2007]). "To sustain this burden, the defendant must address and rebut any specific allegations of malpractice set forth in the plaintiff's bill of particulars" (*Koi Hou Chan v Yeung*, 66 AD3d at 643; *see Ward v Engel*, 33 AD3d 790, 791 [2006]; *Johnson v Ladin*, 18 AD3d 439 [2005]).

To defeat summary judgment, the nonmoving party need only raise a triable issue of fact with respect to the element of the cause of action or theory of nonliability that is the subject of the

moving party's prima facie showing (*see Stukas v Streiter*, 83 AD3d 18, 23-24 [2011]). However, mere conclusory allegations of malpractice, unsupported by competent evidence tending to establish the elements of the claim at issue, are insufficient to defeat summary judgment (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 325 [1986]; *Rebozo v Wilen*, 41 AD3d 457, 458 [2007]; *Gargiulo v Geiss*, 40 AD3d 811, 812 [2007]).

Here, the defendants met their initial burden of establishing their entitlement to judgment as a matter of law by, among other things, submitting an affidavit of the defendant Edward Jastremski, which detailed the treatment of the plaintiff and concluded that there was no departure from accepted standards of dental practice, and that, in any event, any alleged departure was not a proximate cause of the plaintiff's injuries. In opposition, the affidavit of the plaintiff's expert contained only conclusory opinions regarding the defendants' alleged negligence, which were insufficient to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Gargiulo v Geiss*, 40 AD3d at 812; *DiMitri v Monsouri*, 302 AD2d 420, 421 [2003]). Accordingly, the Supreme Court properly granted the defendants' respective motions for summary judgment dismissing the complaint insofar as asserted against each of them.

The Supreme Court providently exercised its discretion when it, in effect, denied that branch of the plaintiff's motion which was for leave to renew her opposition to the defendants' respective motions for summary judgment (*see* CPLR 2221 [e]; *O'Connell v Post*, 27 AD3d 631 [2006]; *Renna v Gullo*, 19 AD3d 472 [2005]). The plaintiff sought leave to renew her opposition to the defendants' motions for summary judgment so that she could submit the dental records relied upon by her expert, which she failed to submit with her original opposition. The plaintiff failed to offer a reasonable justification as to why the proffered evidence was not submitted at the time of the prior motion. A motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation (*see Renna v Gullo*, 19 AD3d 472 [2005]; *Hart v City of New York*, 5 AD3d 438 [2004]; *Rubinstein v Goldman*, 225 AD2d 328, 328-329 [1996]). In addition, the records sought to be submitted would not have changed the prior determinations (*see* CPLR 2221 [e] [2]). Accordingly, that branch of the motion which was for leave to renew was properly denied. Covello, J.P., Eng, Chambers and Miller, JJ., concur.