■ Robert Garcia, Appellant, v Michael Christopher Richer, D.D.S., et al., Respondents. [18 NYS3d 401]—

In an action to recover damages for dental malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Palmieri, J.), entered February 5, 2014, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

In this action to recover damages for dental malpractice, the plaintiff alleged that the defendants were negligent during the performance of root canal therapy on the plaintiff and in the follow-up care relating to the root canal therapy. The plaintiff also alleged that the defendants were negligent in recommending that another of the plaintiff's teeth be extracted and in referring the plaintiff to a nonparty oral surgeon who subsequently performed the tooth extraction. The defendants moved for summary judgment dismissing the complaint and the Supreme Court granted the motion.

"The requisite elements of proof in a dental malpractice action are a deviation or departure from accepted standards of dental practice, and that such departure was a proximate cause of the plaintiff's injuries" (*Sharp v Weber*, 77 AD3d 812, 813 [2010]). "A defendant moving for summary judgment has the initial burden of establishing that he or she did not depart from good and accepted practice, or if there was such a departure, that it was not a proximate cause of the plaintiff's injuries" (*Kozlowski v Oana*, 102 AD3d 751, 752-753 [2013]; *see Chan v Toothsavers Dental Care, Inc.*, 125 AD3d 712, 714 [2015]; *Stukas v Streiter*, 83 AD3d 18, 24 [2011]; *Sharp v Weber*, 77 AD3d at 814).

Here, the defendants established, prima facie, their entitlement to judgment as a matter of law by submitting, inter alia, an affirmation from their dental expert demonstrating that they did not depart from good and accepted practice in their treatment of the plaintiff during the performance of root canal therapy, or in the follow-up care relating to the root canal therapy (*see Chan v Toothsavers Dental Care, Inc.*, 125 AD3d at 714; *Kozlowski v Oana*, 102 AD3d at 752-753; *McGuigan v Centereach Mgt. Group, Inc.*, 94 AD3d 955, 956 [2012]). In opposition, the plaintiff failed to raise a triable issue of fact. The affirmation submitted by the plaintiff's expert was speculative, conclusory, and assumed facts not supported by the evidence (*see Cassano v Hagstrom*, 5 NY2d 643, 646 [1959]; *Lagman v Overhead Door Corp.*, 128 AD3d 778, 779 [2015]; *Lopez v Retail Prop. Trust*, 118 AD3d 676, 676 [2014]; *Fenty v Seven Meadows Farms, Inc.*, 108 AD3d 588, 589 [2013]). In addition, contrary to the plaintiff's contention, the Supreme Court properly declined to consider the alternative theory of liability raised by the plaintiff's expert for the first time in opposition to the defendants' motion (*see Kelley v Kingsbrook Jewish Med. Ctr.*, 100 AD3d 600 [2012]; *Dolan v Halpern*, 73 AD3d 1117, 1119 [2010]; *Langan v St. Vincent's Hosp. of N.Y.*, 64 AD3d 632, 633 [2009]).

The defendants' submissions also established, prima facie, that the defendants did not depart from good and accepted practice in recommending the tooth extraction or in referring the plaintiff to the nonparty oral surgeon, and that, in any event, any such departure was not a proximate cause of the plaintiff's injuries (*see Rivera v New York Presbyt. Hosp.*, 95 AD3d 861, 862 [2012]; *Lau v Wan*, 93 AD3d 763, 765 [2012]; *Ellis v Eng*, 70 AD3d 887, 892 [2010]; *Dockery v Sprecher*, 68 AD3d 1043, 1045-1046 [2009]). In opposition, the plaintiff's expert opined that, under the circumstances, it was a departure from good and accepted dental practice to recommend the tooth extraction. However, the plaintiff's expert failed to raise a triable issue of fact as to whether the alleged departure in recommending the tooth extraction, or in referring the plaintiff to the nonparty oral surgeon, constituted a proximate cause of the plaintiff's injuries (*see generally Reilly v Cohen*, 121 AD3d 961, 962 [2014]; *Stukas v Streiter*, 83 AD3d at 25).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Dillon, J.P., Miller, Maltese and LaSalle, JJ., concur.