Nelson v Lighter (2020 NY Slip Op 00420)





Nelson v Lighter


2020 NY Slip Op 00420


Decided on January 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2016-11102
 (Index No. 6049/13)

[*1]Peter Nelson, Jr., respondent, 
v
Gary L. Lighter, etc., et al., appellants.


Hanlon & Veloce, Latham, NY (Christine D'Addio Hanlon of counsel), for appellant Gary L. Lighter.
Westermann, Sheehy, Keenan, Samaan & Aydelott, LLP, White Plains, NY (Timothy J. Lenane of counsel), for appellant Robert L. Rioseco.
Murphy & Lambiase, Goshen, NY (George A. Smith of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for dental malpractice, the defendants separately appeal from an order of the Supreme Court, Dutchess County (James D. Pagones, J.), dated September 29, 2016. The order, insofar as appealed from, denied those branches of the defendants' separate motions which were for summary judgment dismissing the causes of action alleging dental malpractice insofar as asserted against each of them.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs, and those branches of the defendants' separate motions which were for summary judgment dismissing the causes of action alleging dental malpractice insofar as asserted against each of them are granted.
The plaintiff commenced this action, inter alia, to recover damages for dental malpractice against the defendants, Gary L. Lighter and Robert L. Rioseco. The defendants separately moved, among other things, for summary judgment dismissing the causes of action alleging dental malpractice insofar as asserted against each of them. In an order dated September 29, 2016, the Supreme Court, inter alia, denied those branches of the defendants' separate motions. The defendants separately appeal.
"In a dental malpractice action, the requisite elements of proof are a deviation or departure from accepted standards of dental practice, and that such departure was a proximate cause of the plaintiff's injuries" (Kozlowski v Oana, 102 AD3d 751, 752; see Silveri v Glaser, 166 AD3d 1044, 1045-1046). A defendant moving for summary judgment has the initial burden of establishing that he or she did not depart from good and accepted practice, or if there was such a departure, that it was not a proximate cause of the plaintiff's injuries (see Kozlowski v Oana, 102 AD3d at 752-53). "To sustain this burden, the defendant must address and rebut any specific allegations of malpractice set forth in the plaintiff's bill of particulars" (Zito v Jastremski, 84 AD3d 1069, 1070 [internal quotation marks omitted]; see Mathias v Capuano, 153 AD3d 698; Koi Hou Chan v Yeung, 66 AD3d 642).
To defeat summary judgment, the nonmoving party need only raise a triable issue of fact with respect to the element of the cause of action or theory of nonliability that is the subject of the moving party's prima facie showing (see Zito v Jastremski, 84 AD3d at 1070-1071; Stukas v Streiter, 83 AD3d 18, 23-24). However, mere conclusory allegations of malpractice, unsupported by competent evidence tending to establish the elements of the claim at issue, are insufficient to defeat summary judgment (see Alvarez v Prospect Hosp., 68 NY2d 320, 325; Zito v Jastremski, 84 AD3d at 1071). "In order not to be considered speculative or conclusory, expert opinions in opposition should address specific assertions made by the movant's experts, setting forth an explanation of the reasoning and relying on specifically cited evidence in the record'" (Tsitrin v New York Community Hosp., 154 AD3d 994, 996, quoting Roca v Perel, 51 AD3d 757, 759).
In opposing Rioseco's motion, the plaintiff's submissions included an affirmation of David W. Martin, a dentist licensed to practice dentistry in the State of New Jersey. In opposing Lighter's motion, the plaintiff's submissions included an affidavit from David W. Martin, the same New Jersey dentist who submitted the affirmation concerning Rioseco.
Lighter established, prima facie, his entitlement to judgment as a matter of law by submitting, inter alia, an affirmation from his dental expert demonstrating that he did not depart from good and accepted practice in his treatment of the plaintiff (see Garcia v Richer, 132 AD3d 809, 810). In opposition, the plaintiff failed to raise a triable issue of fact. The affidavit of his expert, Martin, was speculative and conclusory (see Diaz v New York Downtown Hosp., 99 NY2d 542; Lowe v Japal, 170 AD3d 701, 703; Garcia v Richer, 132 AD3d at 810). In particular, Martin failed to articulate the applicable standard of care (see Webb v Albany Med. Ctr., 151 AD3d 1435, 1437; DeLaurentis v Orange Regional Med. Ctr.-Horton Campus, 117 AD3d 774, 775; Snyder v Simon, 49 AD3d 954, 956).
Likewise, Rioseco established, prima facie, his entitlement to judgment as a matter of law by submitting, inter alia, an affirmation from his dental expert demonstrating that he did not depart from good and accepted practice in his treatment of the plaintiff (see Garcia v Richer, 132 AD3d at 810). The plaintiff failed to raise a triable issue of fact in opposition to Rioseco's prima facie showing. In opposition, the plaintiff submitted, among other things, the unsworn affirmation of Martin, who was licensed to practice dentistry in the State of New Jersey. Consequently, the out-of-state dentist's statement did not constitute admissible evidence in that CPLR 2106 only authorizes attorneys, physicians, osteopaths, or dentists licensed in this state to utilize an affirmation in lieu of a sworn affidavit (see CPLR 2106[a]; Lieber v City of New York, 94 AD3d 715, 716). In addition, Martin's submission failed to address specific assertions made by Rioseco's expert, and was otherwise conclusory (see Kerrins v South Nassau Communities Hosp., 148 AD3d 795, 796).
While an otherwise qualified expert physician, osteopath, or dentist, who is not licensed in this state, may submit a statement in support of or in opposition to a party's position in a case at bar, that statement must be in the form of a sworn affidavit. CPLR 2106(a), which permits such a statement to be in the form of an affirmation, only applies to attorneys, physicians, osteopaths, and dentists licensed to practice in the State of New York. The legislature amended CPLR 2106 effective January 1, 2015. As so amended, CPLR 2106(b) permits affirmations to be utilized by any person outside the United States, but not persons within the United States except as permitted under CPLR 2106(a). CPLR 2106(b) now provides: "The statement of any person, when that person is physically located outside the geographic boundaries of the United States, Puerto Rico, the United States Virgin Islands, or any territory or insular possession subject to the jurisdiction of the United States, subscribed and affirmed by that person to be true under the penalties of perjury, may be used in an action in lieu of and with the same force and effect as an affidavit. Such affirmation shall be in substantially the following form: I affirm this . . . day of . . ., . . ., under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that I am physically located outside the geographic boundaries of the United States, Puerto Rico, the United States Virgin Islands, or any territory or insular possession subject to the jurisdiction of the United States, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law."
Accordingly, the Supreme Court should have granted those branches of the defendants' separate motions which were for summary judgment dismissing the causes of action alleging dental malpractice insofar as asserted against each of them.
DILLON, J.P., LEVENTHAL, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court