Kelapire v Kale (2020 NY Slip Op 07553)





Kelapire v Kale


2020 NY Slip Op 07553


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOSEPH J. MALTESE
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2019-00123
 (Index No. 607906/15)

[*1]Norman Kelapire, respondent, 
v
Chandra Kale, etc., appellant.


Chesney, Nicholas & Brower, LLP, Syosset, NY (Rudolph P. Petruzzi and Lindsie B. Alterkun of counsel), for appellant.
The Cassar Law Firm, P.C., Huntington, NY (Christopher J. Cassar of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for dental malpractice and lack of informed consent, the defendant appeals from an order of the Supreme Court, Nassau County (John M. Galasso, J.), entered December 11, 2018. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.
The plaintiff commenced this action alleging that, from February 20, 2013, through August 30, 2013, the defendant negligently performed dental treatment causing the plaintiff to sustain injuries. The complaint further alleged that the defendant failed to obtain the plaintiff's informed consent for the treatment. The defendant moved for summary judgment dismissing the complaint. The Supreme Court denied the defendant's motion, finding that the parties proffered conflicting expert opinions, thereby raising a triable issue of fact as to the defendant's negligence, and that the defendant failed to present sufficient proof that he informed the plaintiff of the reasonably foreseeable risks of the treatment. The defendant appeals.
"In a dental malpractice action, the requisite elements of proof are a deviation or departure from accepted standards of dental practice, and that such departure was a proximate cause of the plaintiff's injuries" (Kozlowski v Oana, 102 AD3d 751, 752). A defendant moving for summary judgment has the initial burden of establishing that he or she did not depart from good and accepted practice, or if there was such a departure, that it was not a proximate cause of the plaintiff's injuries (see id. at 752-753). To defeat summary judgment, the nonmoving party need only raise a triable issue of fact with respect to the element of the cause of action or theory of nonliability that is the subject of the moving party's prima facie showing (see Zito v Jastremski, 84 AD3d 1069, 1070-1071; Stukas v Streiter, 83 AD3d 18, 23-24). However, mere conclusory allegations of malpractice, unsupported by competent evidence tending to establish the elements of the cause of action at issue, are insufficient to defeat summary judgment (see Alvarez v Prospect Hosp., 68 NY2d 320, 325).
The defendant established, prima facie, his entitlement to judgment as a matter of law by submitting, inter alia, an affirmation from his dental expert demonstrating that he did not depart from good and accepted practice in his treatment of the plaintiff and that the departures, if any, did not proximately cause the plaintiff's injuries (see Garcia v Richer, 132 AD3d 809). In opposition, [*2]the plaintiff failed to raise a triable issue of fact. The affirmation of the plaintiff's dental expert was speculative and conclusory (see Diaz v New York Downtown Hosp., 99 NY2d 542; Lowe v Japal, 170 AD3d 701; Garcia v Richer, 132 AD3d 809), unsupported by the evidence (see Bezerman v Bailine, 95 AD3d 1153), and failed to articulate the applicable standard of care (see Nelson v Lighter, 179 AD3d 933; Webb v Albany Med. Ctr., 151 AD3d 1435).
"[L]ack of informed consent is a distinct cause of action [which] requir[es] proof of facts not contemplated by an action based merely on allegations of negligence" (Jolly v Russell, 203 AD2d 527, 528). "To establish a cause of action [to recover damages] for malpractice based on lack of informed consent, [a] plaintiff must prove (1) that the person providing the professional treatment failed to disclose alternatives thereto and failed to inform the patient of reasonably foreseeable risks associated with the treatment, and the alternatives, that a reasonable medical practitioner would have disclosed in the same circumstances, (2) that a reasonably prudent patient in the same position would not have undergone the treatment if he or she had been fully informed, and (3) that the lack of informed consent is a proximate cause of the injury" (Spano v Bertocci, 299 AD2d 335, 337-338 [internal quotation marks omitted]; see Walker v Saint Vincent Catholic Med. Ctrs., 114 AD3d 669). "The third element is construed to mean that the actual procedure performed for which there was no informed consent must have been a proximate cause of the injury" (Trabal v Queens Surgi-Center, 8 AD3d 555, 556-557).
The defendant established, prima facie, that his care and treatment did not proximately cause the plaintiff's alleged injuries. In opposition, the plaintiff failed to raise a triable issue of fact as to whether a lack of informed consent proximately caused his injuries (see Zapata v Buitriago, 107 AD3d 977).
Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint.
SCHEINKMAN, P.J., MALTESE, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court