Xiao Yan Ye v Din Lam (2021 NY Slip Op 00895)





Xiao Yan Ye v Din Lam


2021 NY Slip Op 00895


Decided on February 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-09103
 (Index No. 707829/15)

[*1]Xiao Yan Ye, et al., appellants, 
v
Din Lam, etc., et al., respondents.


Law Offices of Gary S. Park, P.C. (Sim & Record, LLP, Bayside, NY [Sang J. Sim], of counsel), for appellants.
Fumuso, Kelly, Swart, Farrell, Polin & Christesen, LLP, Hauppauge, NY (Scott G. Christesen of counsel), for respondent Din Lam.
Rawle & Henderson, LLP, New York, NY (Sylvia Lee of counsel), for respondents Richard C. Yang and Empress Dental Service, PLLC.



DECISION & ORDER
In an action to recover damages for dental malpractice and lack of informed consent, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), entered June 7, 2018. The order granted the separate motions of the defendant Din Lam and the defendants Richard C. Yang and Empress Dental Services, PLLC, for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the separate motions of the defendant Din Lam and the defendants Richard C. Yang and Empress Dental Services, PLLC, which were for summary judgment dismissing the cause of action to recover damages for lack of informed consent insofar as asserted against each of them, and substituting therefor a provision denying those branches of the separate motions; as so modified, the order is affirmed, without costs or disbursements.
On October 4, 2012, the plaintiff Xiao Yan Ye (hereinafter the injured plaintiff) was seen for routine general dental care by the defendant Richard C. Yang, in the office of his practice, the defendant Empress Dental Services, PLLC (hereinafter Empress Dental). At that appointment, Yang referred the injured plaintiff to the defendant Din Lam for a consultation regarding an impacted wisdom tooth. The plaintiff was later seen in the Empress Dental offices by Lam, who performed a tooth extraction. The plaintiff allegedly sustained injuries as a result of the tooth extraction.
The injured plaintiff, and her husband suing derivatively, commenced this action against Yang, Empress Dental, and Lam to recover damages for dental malpractice and lack of informed consent. Yang and Empress Dental subsequently moved, and Lam separately moved, for summary judgment dismissing the complaint insofar as asserted against each of them. By order entered June 7, 2018, the Supreme Court granted both motions, and the plaintiffs appeal.
A defendant moving for summary judgment dismissing a cause of action alleging [*2]dental malpractice has the initial burden of establishing that he or she did not depart from good and accepted practice, or if there was such a departure, that it was not a proximate cause of the plaintiff's injuries (see Nelson v Lighter, 179 AD3d 933, 934). When a defendant makes a prima facie showing, the burden shifts to the plaintiff to raise a triable issue of fact with respect to the element of the cause of action or theory of nonliability that is the subject of the moving party's prima facie showing (see Zito v Jastremski, 84 AD3d 1069, 1070; Stukas v Streiter, 83 AD3d 18, 24).
Here, the defendants met their prima facie burden of demonstrating their entitlement to judgment as a matter of law dismissing the dental malpractice cause of action through the affirmation of an expert, who, based on his review of the dental records and deposition testimony, opined that the tooth extraction of the injured plaintiff's wisdom tooth was properly performed, and thus that the defendants did not depart from good and accepted practice (see Silveri v Glaser, 166 AD3d 1044, 1046).
In opposition, the plaintiffs failed to raise a triable issue of fact. The plaintiffs' expert's affidavit offered no opinion regarding the manner in which the tooth extraction was performed but instead asserted, for the first time, an alternative theory of liability. The Supreme Court properly declined to consider this new theory of liability raised for the first time in opposition to the motions (see J.F. v Brentwood Union Free Sch. Dist., 184 AD3d 806, 807; Troia v City of New York, 162 AD3d 1089, 1092). Accordingly, the court properly granted those branches of the defendants' respective motions which were for summary judgment dismissing the cause of action to recover damages for dental malpractice insofar as asserted against each of them.
However, the Supreme Court erred in directing dismissal of the plaintiffs' cause of action alleging lack of informed consent. "[L]ack of informed consent is a distinct cause of action requiring proof of facts not contemplated by an action based merely on allegations of negligence" (Jolly v Russell, 203 AD2d 527, 528; see Godel v Benjy Goldstein and George Freud, D.D.S., PLLC, 155 AD3d 939, 941). To establish a cause of action for malpractice based on lack of informed consent, a plaintiff must prove (1) that the person providing the professional treatment failed to inform the patient of reasonably foreseeable risks and benefits associated with the treatment, and the alternatives thereto, that a reasonable medical practitioner would have disclosed under similar circumstances, (2) that a reasonably prudent patient in the same position would not have undergone the treatment if he or she had been fully informed, and (3) that the lack of informed consent is a proximate cause of the injury (see Public Health Law § 2805-d; Schussheim v Barazani, 136 AD3d 787, 789). "The mere fact that the plaintiff signed a consent form does not establish the defendants' prima facie entitlement to judgment as a matter of law" (Schussheim v Barazani, 136 AD3d at 789; see Kozlowski v Oana, 102 AD3d 751, 753).
Here, although the injured plaintiff signed a consent form, the defendants submitted in support of their motion, inter alia, a transcript of the injured plaintiff's deposition, during which she testified that the defendants never explained the risks of the tooth extraction or whether there were any alternatives (see Silveri v Glaser, 166 AD3d at 1046-1047). Further, Yang and Empress Dental failed to eliminate questions of fact as to whether they were involved in the injured plaintiff's care and treatment after the October 4, 2012 visit.
Accordingly, the defendants failed to demonstrate their entitlement to judgment as a matter of law dismissing the lack of informed consent cause of action insofar as asserted against each of them.
DILLON, J.P., CHAMBERS, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court