Schmidt v Bangiyev (2022 NY Slip Op 06510)

Schmidt v Bangiyev

2022 NY Slip Op 06510

Decided on November 16, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS, JJ.

2019-12911
 (Index No. 513038/16)

[*1]Richard Schmidt, et al., respondents, 
v
Simon Bangiyev, etc., et al., appellants.

Rawle & Henderson LLP, New York, NY (Robert A. Fitch and Iolanda V. D'Ambrosi-Francavilla of counsel), for appellants.
Bloomberg, Steinberg & Bader (Arnold E. DiJoseph, P.C., New York, NY [Arnold E. DiJoseph III], of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for dental malpractice, etc., the defendants appeal from an order of the Supreme Court, Kings County (Bernard J. Graham, J.), dated October 3, 2019. The order, insofar as appealed from, denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging dental malpractice.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiffs commenced this action, inter alia, to recover damages for dental malpractice, alleging that the plaintiff Richard Schmidt was injured when the defendant Simon Bangiyev negligently and unnecessarily extracted Schmidt's wisdom tooth. The defendants moved, inter alia, for summary judgment dismissing the cause of action alleging dental malpractice. The Supreme Court denied that branch of the motion, and the defendants appeal.
"In a dental malpractice action, the requisite elements of proof are a deviation or departure from accepted standards of dental practice, and that such departure was a proximate cause of the plaintiff's injuries" (Kozlowski v Oana, 102 AD3d 751, 752; see Kelapire v Kale, 189 AD3d 1197, 1198). "A defendant moving for summary judgment has the initial burden of establishing that he or she did not depart from good and accepted practice, or if there was such a departure, that it was not a proximate cause of the plaintiff's injuries" ( Kelapire v Kale, 189 AD3d at 1198; see Kozlowski v Oana, 102 AD3d at 752). "To sustain this burden, the defendant must address and rebut any specific allegations of malpractice set forth in the plaintiff's bill of particulars" (Koi Hou Chan v Yeung, 66 AD3d 642, 643; see Mathias v Capuano, 153 AD3d 698, 699; Zito v Jastremski, 84 AD3d 1069, 1070).
"To defeat summary judgment, the nonmoving party need only raise a triable issue of fact with respect to the element of the cause of action or theory of nonliability that is the subject of the moving party's prima facie showing" (Zito v Jastremski, 84 AD3d at 1070-1071; see Stukas v Streiter, 83 AD3d 18, 23-24). However, mere conclusory allegations of malpractice, unsupported by competent evidence tending to establish the elements of the claim at issue, are insufficient to defeat summary judgment (see Alvarez v Prospect Hosp., 68 NY2d 320, 325). "In order not to be [*2]considered speculative or conclusory, expert opinions in opposition should address specific assertions made by the movant's experts, setting forth an explanation of the reasoning and relying on 'specifically cited evidence in the record'" (Tsitrin v New York Community Hosp., 154 AD3d 994, 996, quoting Roca v Perel, 51 AD3d 757, 759).
Here, the defendants met their burden of establishing, prima facie, their entitlement to judgment as a matter of law dismissing the dental malpractice cause of action by showing that Bangiyev did not depart from good and accepted dental practice (see Garcia v Richer, 132 AD3d 809, 810; Chan v Toothsavers Dental Care, Inc., 125 AD3d 712, 714; Kozlowski v Oana, 102 AD3d at 753). However, in opposition, the plaintiffs raised a triable issue of fact as to whether Bangiyev departed from the applicable standard of care (see Many v Lossef, 190 AD3d 721, 723; Kozlowski v Oana, 102 AD3d at 753). Accordingly, the Supreme Court properly denied that branch of defendants' motion which was for summary judgment dismissing the dental malpractice cause of action.
The defendants' remaining contention is without merit.
BRATHWAITE NELSON, J.P., RIVERA, CHAMBERS and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court