Cujcuj v Jayadevan (2023 NY Slip Op 03678)

Cujcuj v Jayadevan

2023 NY Slip Op 03678

Decided on July 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2020-05389
 (Index No. 601918/15)

[*1]Alba Cujcuj, et al., respondents,
v
Krishnaswamy Jayadevan, etc., et al., appellants.

Rawle & Henderson, LLP, New York, NY (Michael H. Zhu of counsel), for appellant Krishnaswamy Jayadevan.
Chesney, Nicholas & Brower, LLP, Syosset, NY (Rudolph P. Petruzzi of counsel), for appellant Great Expressions Dental of New York, LLP.
Dell & Dean, PLLC (Joseph G. Dell and Mischel & Horn, P.C., New York, NY [Scott T. Horn and Lauren Bryant], of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for dental malpractice, the defendant Krishnaswamy Jayadevan appeals, and the defendant Great Expressions Dental of New York, LLP, separately appeals, from an order of the Supreme Court, Suffolk County (Vincent J. Martorana, J.), dated June 9, 2020. The order, insofar as appealed from, denied those branches of the defendants' separate motions which were for summary judgment dismissing so much of the causes of action to recover damages for dental malpractice and lack of informed consent as were based upon treatment rendered to the plaintiff Alba Cujcuj on or after August 26, 2012, insofar as asserted against each of them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
In 2015, the plaintiffs commenced this action, inter alia, to recover damages for dental malpractice and lack of informed consent, alleging that the plaintiff Alba Cujcuj (hereinafter the injured plaintiff) suffered injuries as a result of, among other things, the negligent and premature extraction of a wisdom tooth by the defendant Krishnaswamy Jayadevan at the defendant Great Expressions Dental of New York, LLP (hereinafter Great Expressions), on September 4, 2012. Jayadevan and Great Expressions separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. In an order dated June 9, 2020, the Supreme Court, inter alia, denied those branches of the motions which were for summary judgment dismissing so much of the causes of action to recover damages for dental malpractice and lack of informed consent as were based upon treatment rendered to the injured plaintiff on or after August 26, 2012, insofar as asserted against each of them. The defendants separately appeal, and we affirm.
"A defendant moving for summary judgment dismissing a cause of action alleging dental malpractice has the initial burden of establishing that he or she did not depart from good and accepted practice, or if there was such a departure, that it was not a proximate cause of the plaintiff's injuries" (Xiao Yan Ye v Din Lam, 191 AD3d 827, 828; see Schmidt v Bangiyev, 210 AD3d 924, [*2]924). "To sustain this burden, the defendant must address and rebut any specific allegations of malpractice set forth in the . . . bill of particulars" (Koi Hou Chan v Yeung, 66 AD3d 642, 643). "To defeat summary judgment, the nonmoving party need only raise a triable issue of fact with respect to the element of the cause of action or theory of nonliability that is the subject of the moving party's prima facie showing" (Zito v Jastremski, 84 AD3d 1069, 1070-1071; see Schmidt v Bangiyev, 210 AD3d 924, 925). "Summary judgment is not appropriate in a dental malpractice action where . . . the parties adduce conflicting medical expert opinions, since conflicting expert opinions raise credibility issues which are to be resolved by the factfinder" (Many v Lossef, 190 AD3d 721, 723). "However, mere conclusory allegations of malpractice, unsupported by competent evidence tending to establish the elements of the claim at issue, are insufficient to defeat summary judgment" (Schmidt v Bangiyev, 210 AD3d at 925).
Here, the defendants met their prima facie burden of demonstrating their entitlement to judgment as a matter of law dismissing, insofar as asserted against each of them, so much of the cause of action to recover damages for dental malpractice as was based upon treatment rendered to the injured plaintiff on or after August 26, 2012, through, among other things, the affirmation of an expert. The expert, based on his review of the dental records and deposition testimony, opined, among other things, that the defendants did not deviate from the applicable standard of care in their treatment of the injured plaintiff, and that, if any departure occurred, it was not a proximate cause of the injured plaintiff's injuries (see Schmidt v Bangiyev, 210 AD3d at 924; Xiao Yan Ye v Din Lam, 191 AD3d at 827; Kelapire v Kale, 189 AD3d 1197). However, in opposition to the motions, the plaintiffs raised triable issues of fact through the submission of a conflicting expert affirmation (see Many v Lossef, 190 AD3d at 721; B.G. v Cabbad, 172 AD3d 686; Silveri v Glaser, 166 AD3d 1044, 1046). Accordingly, the Supreme Court properly denied this branch of the defendants' separate motions.
The defendants' submissions failed to establish, prima facie, that there were no triable issues of fact with respect to so much of the cause of action to recover damages for lack of informed consent as was based upon treatment rendered to the injured plaintiff on or after August 26, 2012 (see Xiao Yan Ye v Din Lam, 191 AD3d at 827; Silveri v Glaser, 166 AD3d at 1046-1047). Accordingly, the Supreme Court properly denied those branches of the defendants' separate motions which were for summary judgment dismissing, insofar as asserted against each of them, so much of the cause of action to recover damages for lack of informed consent as was based upon treatment rendered to the injured plaintiff on or after August 26, 2012.
The remaining contention of Great Expressions is not properly before this Court.
BRATHWAITE NELSON, J.P., CHAMBERS, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court