Kormusis v Goldenberg (2025 NY Slip Op 04462)

Kormusis v Goldenberg

2025 NY Slip Op 04462

Decided on July 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2024-03185
2024-03875
 (Index No. 708441/19)

[*1]Magdelena Kormusis, appellant,
v
Joel Goldenberg, etc., et al., respondents.

Sacco & Fillas, LLP, Astoria, NY (Albert R. Matuza, Jr., and Jennifer Fleming of counsel), for appellant.
Rivkin Radler LLP, Uniondale, NY (Cheryl F. Korman, Eric S. Strober, Lauren E. Russo, and Evan Krinick of counsel), for respondent Joel Goldenberg.
Benvenuto & Gaujean (Rubin Paterniti Gonzalez Rizzo Kaufman LLP, New York, NY [Juan C. Gonzalez], of counsel), for respondent National Dental, PLLC.

DECISION & ORDER
In an action to recover damages for dental malpractice and lack of informed consent, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Tracy Catapano-Fox, J.), entered January 4, 2024, and (2) a judgment of the same court entered January 11, 2024. The order granted the motion of the defendant Joel Goldenberg for summary judgment dismissing the complaint insofar as asserted against him. The judgment, upon an order of the same court entered January 5, 2024, granting the motion of the defendant National Dental, PLLC, for summary judgment dismissing the complaint insofar as asserted against it, is in favor of the defendant National Dental, PLLC, and against the plaintiff dismissing the complaint insofar as asserted against the defendant National Dental, PLLC.
ORDERED that on the Court's own motion, the notice of appeal from the order entered January 5, 2024, is deemed to be a premature notice of appeal from the judgment (see CPLR 5520[c]); and it is further,
ORDERED that the order entered January 4, 2024, and the judgment are affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
On March 26, 2018, the plaintiff was examined by the defendant Joel Goldenberg at a dental office owned by the defendant National Dental, PLLC (hereinafter National Dental), regarding a loose tooth. Goldenberg recommended that the tooth be extracted and that an implant then be placed on the same day. The plaintiff sought a second opinion from a dentist at a different practice, who recommended that the plaintiff's tooth be extracted and that she allow it to heal for several months prior to placing an implant. The plaintiff chose to proceed with Goldenberg and received the same-day extraction and implant placement procedures on March 30, 2018. On June [*2]23, 2018, a dentist employed by National Dental evaluated the plaintiff's implant and crown and determined that the plaintiff had an infection and that the implant appeared to be failing. The implant was ultimately removed.
Thereafter, the plaintiff commenced this action against the defendants, alleging that the defendants had been negligent in the original placement of the implant and in failing to detect the infection earlier. The complaint further alleged that the defendants failed to obtain the plaintiff's informed consent for the procedures. The defendants separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court granted Goldenberg's motion in an order entered January 4, 2024, and National Dental's motion in an order entered January 5, 2024. Thereafter, on January 11, 2024, a judgment was entered upon the order entered January 5, 2024, in favor of National Dental and against the plaintiff, dismissing the complaint insofar as asserted against National Dental. The plaintiff appeals.
"'In a dental malpractice action, the requisite elements of proof are a deviation or departure from accepted standards of dental practice, and that such departure was a proximate cause of the plaintiff's injuries'" (Turetsky v Shumantov, 222 AD3d 906, 906, quoting Kozlowski v Oana, 102 AD3d 751, 752). "A defendant moving for summary judgment has the initial burden of establishing that he or she did not depart from good and accepted practice, or if there was such a departure, that it was not a proximate cause of the plaintiff's injuries" (Nelson v Lighter, 179 AD3d 933, 934; see Kozlowski v Oana, 102 AD3d at 752-753). "'To sustain this burden, the defendant must address and rebut any specific allegations of malpractice set forth in the . . . bill of particulars'" (Cujcuj v Jayadevan, 218 AD3d 436, 437, quoting Koi Hou Chan v Yeung, 66 AD3d 642, 643).
"'To defeat summary judgment, the nonmoving party need only raise a triable issue of fact with respect to the element of the cause of action or theory of nonliability that is the subject of the moving party's prima facie showing'" (Turetsky v Shumantov, 222 AD3d at 907, quoting Zito v Jastremski, 84 AD3d 1069, 1070-1071). "'Summary judgment is not appropriate in a dental malpractice action where . . . the parties adduce conflicting medical expert opinions, since conflicting expert opinions raise credibility issues which are to be resolved by the factfinder'" (Cujcuj v Jayadevan, 218 AD3d at 437, quoting Many v Lossef, 190 AD3d 721, 723). "However, mere conclusory allegations of malpractice, unsupported by competent evidence tending to establish the elements of the cause of action at issue, are insufficient to defeat summary judgment" (Kelapire v Kale, 189 AD3d 1197, 1198; see Alvarez v Prospect Hosp., 68 NY2d 320, 325). "In order not to be considered speculative or conclusory, expert opinions in opposition should address specific assertions made by the movant's experts, setting forth an explanation of the reasoning and relying on specifically cited evidence in the record" (Schmidt v Bangiyev, 210 AD3d 924, 925 [internal quotation marks omitted]; see Tsitrin v New York Community Hosp., 154 AD3d 994, 996).
Here, the defendants each established, prima facie, their entitlement to judgment as a matter of law dismissing the cause of action alleging dental malpractice insofar as asserted against each of them by submitting, inter alia, affirmations of their respective dental experts. Based upon their review of the plaintiff's dental records, the pleadings, and transcripts of the witnesses' deposition testimony, these experts opined that the defendants did not depart from good and accepted practice in their treatment of the plaintiff and that, in any event, any alleged departures did not proximately cause the plaintiff's injuries (see Kelapire v Kale, 189 AD3d at 1198; Garcia v Richer, 132 AD3d 809, 810). In opposition, the plaintiff failed to raise a triable issue of fact. An affirmation submitted by the plaintiff's expert was speculative, conclusory, and assumed facts not supported by the evidence (see Nelson v Lighter, 179 AD3d at 935; Garcia v Richer, 132 AD3d at 810).
"To establish a cause of action to recover damages based on lack of informed consent, a plaintiff must prove (1) that the person providing the professional treatment failed to disclose alternatives thereto and failed to inform the patient of reasonably foreseeable risks associated with the treatment, and the alternatives, that a reasonable medical practitioner would have disclosed in the same circumstances, (2) that a reasonably prudent patient in the same position would not have undergone the treatment if he or she had been fully informed, and (3) that the lack of informed consent is a proximate cause of the injury" (Ciceron v Gulmatico, 220 AD3d 732, 735 [internal [*3]quotation marks omitted]; see Cox v Herzog, 192 AD3d 757, 758; Gilmore v Mihail, 174 AD3d 686, 688). "'The mere fact that the plaintiff signed a consent form does not establish the defendants' prima facie entitlement to judgment as a matter of law'" (Xiao Yan Ye v Din Lam, 191 AD3d 827, 829, quoting Schussheim v Barazani, 136 AD3d 787, 789). "'[A] defendant can establish entitlement to summary judgment by demonstrating that the plaintiff signed a detailed consent form after being apprised of alternatives and foreseeable risks, by demonstrating that a reasonably prudent person in the plaintiff's position would not have declined to undergo the [procedure], or by demonstrating that the actual procedure performed for which there was no informed consent was not a proximate cause of the injury'" (Mattocks v Ellant, 231 AD3d 813, 817, quoting Pirri-Logan v Pearl, 192 AD3d 1149, 1151).
Here, the evidence submitted by the defendants in support of their respective motions established, prima facie, their entitlement to judgment as a matter of law dismissing the lack of informed consent cause of action insofar as asserted against each of them. In addition to detailed consent forms signed by the plaintiff, the defendants submitted transcripts of the deposition testimony of Goldenberg and of the plaintiff. Such evidence established, prima facie, that any alleged lack of informed consent could not have been the proximate cause of the plaintiff's injuries (see Kelapire v Kale, 189 AD3d at 1199; Spano v Bertocci, 299 AD2d 335, 338). In opposition, the plaintiff failed to raise a triable issue of fact (see Zapata v Buitriago, 107 AD3d 977, 980).
Accordingly, the Supreme Court properly granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.
CONNOLLY, J.P., MILLER, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court