Rosenzweig v Singer
2026 NY Slip Op 03836
June 17, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Bart P. Rosenzweig, appellant,
v
Alan B. Singer, etc., et al., respondents, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 17, 2026
2020-07844, 2020-08706, 2021-00162, (Index No. 519910/17)
Francesca E. Connolly, J.P.
Paul Wooten
Lourdes M. Ventura
Phillip Hom, JJ.

Jordan R. Pine & Associates PLLC, Rock Hill, NY (Lisa Solomon of counsel), for appellant.
Rawle & Henderson, LLP, New York, NY (William Spiegel and Elisa R. Karnis of counsel), for respondent Alan B. Singer.
Kutner Friedrich, LLP, New York, NY (Tracy Solomon and John Krajewski of counsel), for respondents Jack Hirsch and Jack M. Hirsch, D.M.D. and Ronald W. Schwartz, D.M.D., P.C.

[*1]
DECISION & ORDER
In an action, inter alia, to recover damages for dental malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated September 23, 2020, (2) a judgment of the same court dated November 3, 2020, and (3) a judgment of the same court dated December 3, 2020. The order, insofar as appealed from, granted that branch of the motion of the defendants Jack Hirsch and Jack M. Hirsch, D.M.D. and Ronald W. Schwartz, D.M.D., P.C., which was for summary judgment dismissing so much of the cause of action alleging dental malpractice as was based on alleged acts that occurred after October 14, 2007, insofar as asserted against them and granted that branch of the motion of the defendant Alan B. Singer which was for summary judgment dismissing the cause of action alleging dental malpractice insofar as asserted against him. The judgment dated November 3, 2020, insofar as appealed from, upon the order, is in favor of the defendants Jack Hirsch and Jack M. Hirsch, D.M.D. and Ronald W. Schwartz, D.M.D., P.C., and against the plaintiff dismissing so much of the cause of action alleging dental malpractice as was based on alleged acts that occurred after October 14, 2007, insofar as asserted against those defendants. The judgment dated December 3, 2020, insofar as appealed from, upon the order, is in favor of the defendant Alan B. Singer and against the plaintiff dismissing the cause of action alleging dental malpractice insofar as asserted against that defendant.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment dated November 3, 2020, is reversed insofar as appealed from, on the law, that branch of the motion of the defendants Jack Hirsch and Jack M. Hirsch, D.M.D. and Ronald W. Schwartz, D.M.D., P.C., which was for summary judgment dismissing so much of the cause of action alleging dental malpractice as was based on alleged acts that occurred after October 14, 2007, insofar as asserted against them is deemed withdrawn, that [*2]portion of that cause of action insofar as asserted against those defendants is reinstated, and the order is modified accordingly; and it is further,
ORDERED that the judgment dated December 3, 2020, is reversed insofar as appealed from, on the law, that branch of the motion of the defendant Alan B. Singer which was for summary judgment dismissing the cause of action alleging dental malpractice insofar as asserted against him is denied, that cause of action insofar as asserted against that defendant is reinstated, and the order is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff payable by the respondents appearing separately and filing separate briefs.
The appeal from the order dated September 23, 2020, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgments in the action (see Matter of Aho, 39 NY2d 241, 248; JER Realty, LLC v Pick & Pack Hub, LLC, 236 AD3d 1004, 1004). The issues raised on the appeal from the order are brought up for review and have been considered on the appeals from the judgments (see CPLR 5501[a][1]).
From 2003 to August 2012, the plaintiff, then an infant, received dental treatment from the defendant Jack Hirsch. Between 2013 and 2017, the plaintiff's primary dentist was the defendant Anthony T. Vuong. On one occasion, on August 27, 2014, the plaintiff presented to the office of the defendant Alan B. Singer for a dental appointment. It is undisputed that Singer did not personally examine the plaintiff or take radiographic imaging studies. In June 2017, the plaintiff presented to Vuong complaining of pain and swelling in his jaw. The plaintiff was diagnosed with an ameloblastoma, a type of benign tumor, in the left lower jaw and underwent surgical removal of the tumor and jaw reconstruction surgery.
On October 15, 2017, the plaintiff commenced this action, inter alia, to recover damages for dental malpractice. Following the completion of discovery, Hirsch and the defendant Jack M. Hirsch, D.M.D. and Ronald W. Schwartz, D.M.D., P.C. (hereinafter together the Hirsch defendants), moved for summary judgment dismissing the complaint insofar as asserted against them and pursuant to CPLR 3211(a)(5) to dismiss so much of the complaint as was based on alleged acts that occurred before October 15, 2007, insofar as asserted against them on statute of limitations grounds under CPLR 208 and 214-a. Singer moved, among other things, for summary judgment dismissing the complaint insofar as asserted against him. The plaintiff submitted papers in partial opposition to both motions.
Before the motions were decided, the Hirsch defendants served an amended notice of motion that sought dismissal of the entire complaint insofar as asserted against them as barred by the statute of limitations. In papers filed in support of the amended motion, the Hirsch defendants clarified that their initial motion was "amended to remove all of the relief initially sought other than dismissal of the plaintiff's complaint as time-barred by the statute of limitations." The plaintiff opposed the Hirsch defendants' amended motion and cross-moved for leave to amend the complaint and serve a second supplemental bill of particulars.
In an order dated September 23, 2020, the Supreme Court, inter alia, considered the Hirsch defendants' motion and amended motion as a single motion sequence. The court determined that the complaint was timely insofar as it was based on alleged acts that occurred after October 14, 2007. However, the court granted that branch of the Hirsch defendants' initial motion which was for summary judgment dismissing the dental malpractice cause of action insofar as asserted against them, determining that they met their prima facie burden and that the plaintiff failed to raise a triable issue of fact in opposition. The court also granted that branch of Singer's motion which was for summary judgment dismissing the dental malpractice cause of action insofar as asserted against him. Thereafter, the court issued a judgment dated November 3, 2020, dismissing the complaint insofar as asserted against the Hirsch defendants and a judgment dated December 3, 2020, dismissing the complaint insofar as asserted against Singer. The plaintiff appeals from so much of the judgment dated November 3, 2020, as dismissed so much of the dental malpractice cause of action as was [*3]based on alleged acts that occurred after October 14, 2007, insofar as asserted against the Hirsch defendants and so much of the judgment dated December 3, 2020, as dismissed the dental malpractice cause of action insofar as asserted against Singer.
The Supreme Court erroneously granted that branch of the Hirsch defendants' motion which was for summary judgment dismissing so much of the dental malpractice cause of action as was based on alleged acts that occurred after October 14, 2007, insofar as asserted against them, as they specifically withdrew that branch of the motion prior to the court's determination thereof (see Howe v Jeremiah, 62 AD3d 751, 751). Therefore, we reverse the judgment dated November 3, 2020, insofar as appealed from and reinstate so much of the dental malpractice cause of action as was based on alleged acts that occurred after October 14, 2007, insofar as asserted against the Hirsch defendants.
"'In a dental malpractice action, the requisite elements of proof are a deviation or departure from accepted standards of dental practice, and that such departure was a proximate cause of the plaintiff's injuries'" (Many v Lossef, 190 AD3d 721, 722, quoting Nelson v Lighter, 179 AD3d 933, 934). "A defendant moving for summary judgment dismissing a cause of action alleging dental malpractice has the initial burden of establishing that he or she did not depart from good and accepted practice, or if there was such a departure, that it was not a proximate cause of the plaintiff's injuries" (Cujcuj v Jayadevan, 218 AD3d 436, 437 [internal quotation marks omitted]; see Schmidt v Bangiyev, 210 AD3d 924, 924). "'To sustain this burden, the defendant must address and rebut any specific allegations of malpractice set forth in the . . . bill of particulars'" (Cujcuj v Jayadevan, 218 AD3d at 437, quoting Koi Hou Chan v Yeung, 66 AD3d 642, 643; see LaVecchia v Bilello, 76 AD3d 548, 548).
Here, Singer failed to establish his prima facie entitlement to judgment as a matter of law dismissing the dental malpractice cause of action insofar as asserted against him because he failed to tender sufficient evidence to eliminate all triable issues of fact and rebut all of the specific allegations of dental malpractice set forth in the bill of particulars (see Mathias v Capuano, 153 AD3d 698, 699; LaVecchia v Bilello, 76 AD3d at 548). Singer's expert relied, in part, on the American Dental Association guidelines, which were not attached to Singer's motion papers (see LaVecchia v Bilello, 76 AD3d at 548). Additionally, the expert's opinion was conclusory and failed to establish, among other things, that the ameloblastoma was not detectible at the time the plaintiff was treated at Singer's office and that Singer did not depart from good and accepted practice (see Folkes v Brooklyn Oak Dental Care, P.C., 241 AD3d 508, 509; Fagan v Panchal, 77 AD3d 705, 706).
Accordingly, the Supreme Court should have denied that branch of Singer's motion which was for summary judgment dismissing the dental malpractice cause of action insofar as asserted against him regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
CONNOLLY, J.P., WOOTEN, VENTURA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court