Ramsawmy v Won
2026 NY Slip Op 03992
June 24, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Mervin Ramsawmy, et al., appellants,
v
Peter Y. Won, etc., et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 24, 2026
2024-00955, 2024-00957, (Index No. 708379/21)
Francesca E. Connolly, J.P.
Valerie Brathwaite Nelson
Barry E. Warhit
Elena Goldberg Velazquez, JJ.

Chianese & Reilly Law, P.C., Rockville Centre, NY (Thomas P. Reilly of counsel), for appellants.
Barker Patterson Nichols, LLP, Garden City, NY (Adonaid C. Medina of counsel), for respondent Peter Y. Won.
Wagner, Doman, Leto & Di Leo, P.C., Mineola, NY (Theresa M. Sabella and Salvatore J. Leto of counsel), for respondents Andrey Ilyabeyev and Gentle Dental World, P.C.

[*1]
DECISION & ORDER
In an action, inter alia, to recover damages for dental malpractice, etc., the plaintiffs appeal from two orders of the Supreme Court, Queens County (Tracy Catapano-Fox, J.), both entered November 16, 2023. The first order, insofar as appealed from, granted that branch of the motion of the defendants Andrey Ilyabayev and Gentle Dental World, P.C., which was for summary judgment dismissing the cause of action alleging dental malpractice insofar as asserted against them. The second order, insofar as appealed from, granted that branch of the motion of the defendant Peter Y. Won which was for summary judgment dismissing the cause of action alleging dental malpractice insofar as asserted against him.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
In March 2021, the plaintiff Mervin Ramsawmy (hereinafter the injured plaintiff), and his wife suing derivatively, commenced this action to recover damages for, inter alia, dental malpractice against the defendants. The plaintiffs alleged that the defendants failed to provide appropriate dental care to the injured plaintiff and, as a result, failed to timely diagnose squamous cell carcinoma in the injured plaintiff's right buccal mucosa. The defendants Andrey Ilyabayev and Gentle Dental World, P.C. (hereinafter together the Gentle defendants) moved, among other things, for summary judgment dismissing the cause of action alleging dental malpractice insofar as asserted against them. The defendant Peter Y. Won separately moved, inter alia, for summary judgment dismissing the cause of action alleging dental malpractice insofar as asserted against him. In separate orders entered November 16, 2023, the Supreme Court, among other things, granted those branches of the defendants' separate motions. The plaintiffs appeal from both orders.
"In a dental malpractice action, the requisite elements of proof are a deviation or [*2]departure from accepted standards of dental practice, and that such departure was a proximate cause of the plaintiff's injuries" (Kormusis v Goldenberg, 240 AD3d 863, 865 [internal quotation marks omitted]; see Turetsky v Shumantov, 222 AD3d 906, 906). "A defendant moving for summary judgment dismissing a cause of action alleging dental malpractice has the initial burden of establishing that he or she did not depart from good and accepted practice, or if there was such a departure, that it was not a proximate cause of the plaintiff's injuries" (Cujcuj v Jayadevan, 218 AD3d 436, 437 [internal quotation marks omitted]; see Kormusis v Goldenberg, 240 AD3d at 865). "'To sustain this burden, the defendant must address and rebut any specific allegations of malpractice set forth in the . . . bill of particulars'" (Cujcuj v Jayadevan, 218 AD3d at 437, quoting Koi Hou Chan v Yeung, 66 AD3d 642, 643).
"'To defeat summary judgment, the nonmoving party need only raise a triable issue of fact with respect to the element of the cause of action or theory of nonliability that is the subject of the moving party's prima facie showing'" (Turetsky v Shumantov, 222 AD3d at 907, quoting Zito v Jastremski, 84 AD3d 1069, 1070-1071). "Summary judgment is not appropriate in a dental malpractice action where . . . the parties adduce conflicting medical expert opinions, since conflicting expert opinions raise credibility issues which are to be resolved by the factfinder" (Cujcuj v Jayadevan, 218 AD3d at 437 [internal quotation marks omitted]; see Kormusis v Goldenberg, 240 AD3d at 865). "However, mere conclusory allegations of malpractice, unsupported by competent evidence tending to establish the elements of the cause of action at issue, are insufficient to defeat summary judgment" (Kelapire v Kale, 189 AD3d 1197, 1198; see Alvarez v Prospect Hosp., 68 NY2d 320, 325). "In order not to be considered speculative or conclusory, expert opinions in opposition should address specific assertions made by the movant's experts, setting forth an explanation of the reasoning and relying on specifically cited evidence in the record" (Kormusis v Goldenberg, 240 AD3d at 865 [internal quotation marks omitted]; see Tsitrin v New York Community Hosp., 154 AD3d 994, 996).
Here, the Gentle defendants established, prima facie, their entitlement to judgment as a matter of law dismissing the cause of action alleging dental malpractice insofar as asserted against them by submitting, inter alia, the affirmations of their experts. Their experts set forth sufficient reasoning with appropriate references to the record to establish, prima facie, that the Gentle defendants did not depart from accepted practice in their treatment of the injured plaintiff and that any alleged departures did not proximately cause his injuries (see Kormusis v Goldenberg, 240 AD3d at 866; Paglinawan v Ing-Yann Jeng, 211 AD3d 743, 745). In opposition, the plaintiffs failed to raise a triable issue of fact. The affirmations submitted by the plaintiffs' experts were speculative, conclusory, and assumed facts not supported by the evidence (see Kormusis v Goldenberg, 240 AD3d at 866; Paglinawan v Ing-Yann Jeng, 211 AD3d at 745).
Won likewise established his prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging dental malpractice insofar as asserted against him by submitting, among other things, an affirmation of an expert who opined that Won did not depart from the applicable standard of care and that any alleged departures were not a proximate cause of the injured plaintiff's injuries (see Torres v New York City Health & Hosps. Corp., 238 AD3d 798, 800; Alvarellos v Tassinari, 222 AD3d 815, 819). In opposition, the plaintiffs failed to raise a triable issue of fact regarding proximate cause (see Torres v New York City Health & Hosps. Corp., 238 AD3d at 800). The opinions of the plaintiffs' experts regarding proximate cause were conclusory and speculative, and failed to address the specific assertions made by Won's expert (see Peynado v Woodhull Med. & Mental Health Ctr., 239 AD3d 677, 678; Zabary v North Shore Hosp. in Plainview, 190 AD3d 790, 793-794).
Accordingly, the Supreme Court properly granted those branches of the Gentle defendants' and Won's separate motions which were for summary judgment dismissing the cause of action alleging dental malpractice insofar as asserted against each of them.
CONNOLLY, J.P., BRATHWAITE NELSON, WARHIT and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court