■ Krystina Leha et al., Appellants, v Yonkers General Hospital, et al., Respondents, et al., Defendants. [803 NYS2d 197]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (DiBlasi, J.), dated August 5, 2003, which,

upon a jury verdict and upon an order of the same court dated May 22, 2003, denying their motion pursuant to CPLR 4404 (a) to set aside the verdict, is in favor of the defendants Yonkers General Hospital, Christine Sosenko-Porytko, Hema Santhanam, Christopher Melcer, and Westchester Emergency Medical Center, P.C., and against them dismissing the complaint insofar as asserted against those defendants.

Ordered that the judgment is affirmed, with costs.

On February 15, 1998, the eight-and-one-half-year-old infant plaintiff, Krystina Leha, was taken to Yonkers General Hospital, where she was admitted for three days and treated for a sore throat. A throat culture taken at that time proved positive for strep throat. She was subsequently discharged from the hospital with a seven-day course of amoxicillin. During the next several months, the infant plaintiff continued to complain of a sore throat and visited the emergency room at Yonkers General Hospital on May 4, 1998 and again on May 18, 1998 where she was seen, respectively, by the defendants Hema Santhanam and Christine Sosenko-Porytko, both nurse practitioners. Santhanam diagnosed viral pharyngitis and Sosenko-Porytko diagnosed an upper respiratory infection. On neither occasion was the infant plaintiff admitted to the hospital. On May 29, 1998 Krystina was having difficulty breathing, and on May 30, 1998 her mother, the plaintiff Robin Carroll, took her to St. Joseph's Medical Center (hereinafter St. Joseph's), where she was seen in the emergency room by the defendant Dr. Christopher Melcer, who discharged her with instructions to gargle, use throat lozenges and follow up with an ear, nose and throat specialist. Krystina's condition worsened overnight and, on May 31, 1998, she returned to St. Joseph's, where she was diagnosed with congestive heart failure. Thereafter, she was transferred to Westchester County Medical Center, where she was treated, released and readmitted in June 1998. The plaintiff was permanently released from the facility on July 2, 1998. In January 2002 she underwent aortic valve replacement surgery.

At trial, the plaintiffs' theory of liability was that the damage to the valve had been caused by an attack of rheumatic fever, which was itself caused by an undiagnosed and untreated case of strep throat occurring in May 1998, which had resulted in congestive heart failure. The plaintiffs alleged accordingly that the nurse practitioners had been negligent in failing to test for strep throat and that Dr. Melcer had been negligent in failing to diagnose that Krystina was suffering from congestive heart failure. The respondents' pathology expert testified, to the contrary, that the congestive heart failure resulted from a congenital heart disorder, which had gone undetected.

While the jury found that the nurse practitioners had been negligent in failing to test Krystina for strep throat, it further found that this negligence was not a substantial factor in causing injuries and damages to her. The jury further found that Dr. Melcer's failure to diagnose that Krystina was suffering from congestive heart failure did not constitute negligence. The Supreme Court subsequently denied the plaintiffs' motion, inter alia, pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law as to Dr. Melcer and to set aside the verdict as against the weight of the evidence and for a new trial as to the nurse practitioners and Dr. Melcer.

To conclude as a matter of law that a jury verdict is not supported by sufficient evidence, there must be "no valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Fellin v Sahgal,* 296 AD2d 526, 528 [2002] [internal quotation marks omitted]). Since Dr. Melcer presented evidence at trial that the infant plaintiff did not exhibit symptoms of congestive heart failure when he examined her on May 30, 1998, the Supreme Court properly denied that branch of the plaintiffs' motion which was to set aside the verdict as to Dr. Melcer on the ground of legal insufficiency. Moreover, "[T]he standard for determining whether a jury verdict is against the weight of the evidence is whether the evidence so preponderated in favor of the movant that the verdict could not have been reached on any fair interpretation of the evidence" (*Harris v Marlow,* 18 AD3d 608, 610 [2005] [internal quotation marks omitted]; *see Torres v Esaian,* 5 AD3d 670 [2004]). The Supreme Court's disposition of a motion to set aside the verdict as against the weight of the evidence is entitled to great respect (*see Nicastro v Park,* 113 AD2d 129 [1985]). Applying those principles, we find that the Supreme Court properly exercised its discretion in denying those branches of the plaintiffs' motion which were to set aside, as against the weight of the evidence, the jury's findings that the negligence of the nurse practitioners was not a substantial factor in causing the infant plaintiff's injuries and that Dr. Melcer had not been negligent in failing to diagnose her as suffering from congestive heart failure.

The plaintiffs' remaining contentions are without merit. H. Miller, J.P., Santucci, Goldstein and Dillon, JJ., concur.