■ MICHAEL REYZ, Appellant, v IGOR KHELEMSKY et al., Respondents. [844 NYS2d 49]—

In an action to recover damages for medical malpractice and wrongful death, etc., the plaintiff appeals from (1) a judgment of the Supreme Court, Kings County (Steinhardt, J.), entered May 31, 2005, which, upon an order of the same court dated November 22, 2004, granting the motion of the defendant Boris Khorets pursuant to CPLR 4401 for judgment as a matter of law made at the close of the plaintiff's case, is in favor of the defendant Boris Khorets and against the plaintiff dismissing the complaint insofar as asserted against that defendant, and (2) a judgment of the same court entered March 16, 2006, which, upon a jury verdict in favor of defendant Igor Khelemsky and against the plaintiff, and upon the denial of the plaintiffs' motion pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence, is in favor of the defendant Igor Khelemsky and against the plaintiff dismissing the complaint insofar as asserted against that defendant.

Ordered that the judgments are affirmed, with one bill of costs.

In August 1999 the plaintiff's decedent Mark Reyz consulted an internist, the defendant Boris Khorets, complaining of frequent headaches over the past several days. After examining the decedent, Khorets determined that an imaging study was not warranted at that time. Nevertheless, he referred the decedent to a neurologist, the defendant Igor Khelemsky, noting in his chart that he would continue to "observe the patient closely." Two days later, the decedent was examined by Khelemsky, who noted, inter alia, that the decedent's headaches had become more intense over the past week, and were often accompanied by blurred vision and dizziness. After meeting with the decedent, Khelemsky shared with Khorets his impression that the decedent's headaches were probably vascular in nature and precipitated by cervical pain, and that he should wait six or seven days to see if the headaches responded to treatment before ordering an imaging study. Khorets agreed.

Over the next month, Khelemsky treated the decedent's headaches and neck pain with physical therapy and, in light of the

decedent's positive response, decided that no imaging study was necessary.

In December 1999 the decedent again consulted with Khorets, complaining of worsening headaches over the past two to three weeks, accompanied by lack of balance. Khorets then ordered a magnetic resonance imaging test, which was performed the same day and revealed a large tumor in the decedent's brain.

The plaintiff commenced this action against Khelemsky and Khorets to recover damages for medical malpractice and wrongful death, alleging that the defendants negligently failed to timely diagnose the decedent's disease. At the conclusion of the plaintiff's case, Khorets moved pursuant to CPLR 4401 for judgment as a matter of law. The trial court granted the motion. The case against Khelemsky, which was submitted to the jury, resulted in a verdict in favor of Khelemsky and against the plaintiff. Specifically, the jury unanimously found that Khelemsky did not depart from accepted standards of medical practice by failing to order imaging studies of the decedent on August 14, 1999, August 18, 1999, September 3, 1999, and September 22, 1999. The plaintiff appeals. We affirm.

A jury verdict should not be set aside as against the weight of the evidence unless the jury could not have reached the verdict on any fair interpretation of the evidence (*see Mazzella v Capobianco*, 27 AD3d 532 [2006]; *Leha v Yonkers Gen. Hosp.*, 22 AD3d 809 [2005]; *Nicastro v Park*, 113 AD2d 129, 137 [1985]). On this record, the trial court correctly denied the plaintiff's motion pursuant to CPLR 4404 (a) to set aside the jury verdict in favor Khelemsky as against the weight of the evidence.

Contrary to Khorets' contention, however, the trial court erred in granting, at the close of the plaintiff's case, his motion pursuant to CPLR 4401 for judgment as a matter of law. "A trial court's grant of a CPLR 4401 motion for judgment as a matter of law is appropriate where the trial court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party" (*Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]). That standard was not met in this case. Although Khorets' referral of the decedent to Khelemsky generally would not render him, as the referring physician, liable for any negligence on the part of the treating physician, "joint liability may be imposed where the referring physician was involved in decisions regarding diagnosis and treatment to such an extent as to make them his or her own negligent acts" (*Mandel v New York County Pub. Adm'r*, 29 AD3d 869, 870-871 [2006]). Here, Khorets conceded that the decedent remained under his care even after he referred him to

Khelemsky for further evaluation. Moreover, there is evidence that Khorets and Khelemsky both intended to monitor the decedent's headache condition closely, and that they discussed his case and agreed on a proper course of treatment. Viewing this evidence in the light most favorable to the plaintiff, and affording him every inference which may properly be drawn from the facts, we cannot conclude that there is no rational process by which the jury could have found both Khorets and Khelemsky jointly liable (*see Szczerbiak v Pilat, supra*).

Nevertheless, under the circumstances of this case, the trial court's error does not require a new trial as to Khorets. The jury already determined that there was no medical need, in August and September of 1999, for Khelemsky to order an imaging study of the decedent, and that determination was not against the weight of the evidence. Under the circumstances of this case, where Khelemsky was found free of negligence, in order to find Khorets liable to the plaintiff at a retrial, the jury would necessarily have had to find that an imaging study of the decedent should have been ordered by Khorets as early as August 12, 1999, i.e., before Khorets referred the decedent to Khelemsky, which could not have been found by the jury by any rational process. In sum, while a rational jury under the facts presented in this case might have concluded that both Khorets and Khelemsky were jointly liable for the decedent's injury or death, no rational jury could conclude that only Khorets is liable. Thus, our affirmance of the jury's verdict in favor of Khelemsky necessarily forecloses any rational possibility that Khorets may be found liable upon retrial. Accordingly, we affirm both judgments dismissing the complaint.

The plaintiff's remaining contention is without merit. Spolzino, J.P., Krausman, Fisher and Angiolillo, JJ., concur.