Aaron v Raber (2020 NY Slip Op 06738)





Aaron v Raber


2020 NY Slip Op 06738


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
JOHN M. LEVENTHAL
ROBERT J. MILLER, JJ.


2019-00965
 (Index No. 61703/14)

[*1]Estelle Aaron, et al., plaintiffs, 
v
Eugene Raber, etc., appellant, et al., defendants.


Vardaro & Associates, LLP, Smithtown, NY (Kelly L. Nagosky of counsel), for appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the defendant Eugene Raber appeals from an order of the Supreme Court, Suffolk County (Vincent J. Martorana, J.), dated December 7, 2018. The order, insofar as appealed from, denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the motion of the defendant Eugene Raber for summary judgment dismissing the complaint insofar as asserted against him is granted.
The plaintiff Estelle Aaron (hereinafter the plaintiff) fractured her right femur, after which she underwent corrective surgery in March 2013. On April 12, 2013, the plaintiff voluntarily transferred from the Gurwin Jewish Nursing & Rehabilitation Center to the Glen Cove Center for Nursing & Rehabilitation (hereinafter Glen Cove). The plaintiff was wearing a removable, rigid right leg brace when she was transferred. At a follow-up appointment on May 13, 2013, the plaintiff's orthopedic surgeon found the plaintiff's right knee had become stiff and impossible to bend. The plaintiff was discharged from Glen Cove on May 15, 2013.
The plaintiff commenced this action in March 2014, inter alia, to recover damages for medical malpractice in failing to properly rehabilitate her right knee. The Supreme Court denied the motion of the defendant Eugene Raber, a physician specializing in internal medicine who treated the plaintiff at Glen Cove, for summary judgment dismissing the complaint insofar as asserted against him. Raber appeals.
"In order to establish liability for medical malpractice, a plaintiff must prove that the defendant deviated or departed from accepted community standards of practice and that such departure was a proximate cause of the plaintiff's injuries. On a motion for summary judgment, a defendant has the burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby" (Novick v South Nassau Communities Hosp., 136 AD3d 999, 1000 [internal quotation marks omitted]; see Alvarez v Prospect Hosp., 68 NY2d 320).
Raber established his prima facie entitlement to judgment as a matter of law [*2]dismissing the complaint insofar as asserted against him through evidence that he did not depart from good and accepted medical practice in his treatment of the plaintiff. "Although physicians owe a general duty of care to their patients, that duty may be limited to those medical functions undertaken by the physician and relied on by the patient" (Burns v Goyal, 145 AD3d 952, 954, mod 30 NY3d 956).
Here, Raber testified at his deposition that he is trained only in internal medicine, and was the plaintiff's internist while she was at Glen Cove. Raber established that he was not the plaintiff's physical or occupational therapist and was not involved in the plaintiff's physical therapy plan of care. Physical therapists (see Education Law §§ 6731, 6732) must be educated and licensed in that specific field (see Education Law § 6734), and Raber had no such training. Occupational therapists must similarly be educated and licensed in their field (see Education Law § 7904). Raber's medical expert opined that Raber's training as an internal medicine specialist did not encompass the skills and knowledge required to assess a patient's physical therapy needs, create a physical therapy plan of care, or supervise a physical therapy plan of care.
Physical therapy treatment is rendered either pursuant to a referral from a licensed physician such as Raber or certain other medical professionals, or without a referral in certain circumstances (see Education Law § 6731[c], [d]). Raber countersigned an order for a physical therapy evaluation for the plaintiff. After that evaluation was performed on April 13, 2013, Raber certified the plaintiff's need for the recommended physical therapy services. Raber also countersigned an order for an occupational therapy evaluation. After that evaluation was performed on April 15, 2013, Raber certified the plaintiff's need for the recommended occupational therapy services. Raber also requested a physiatrist's consultation for the plaintiff, which was performed on April 17, 2013. Raber testified at his deposition that it was the responsibility of the physical therapy service at Glen Cove to implement the plaintiff's physical therapy regimen. Indeed, Raber's expert opined that it would be beyond the scope of practice for Raber, an internal medicine specialist, to be responsible for or involved in the plaintiff's physical therapy program.
Raber's May 2013 progress report indicated that the plaintiff was receiving specialized rehabilitation therapy and occupational therapy. Thus, Raber not only ensured that physical therapy and occupational therapy evaluations were performed, but confirmed that therapy was in fact taking place under the care of the Glen Cove physical and occupational therapists.
Accordingly, Raber established that he did not depart from good and accepted medical practice by deferring to the physical and occupational therapy specialists at Glen Cove for the assessment and treatment of the plaintiff's right knee, and had no duty to evaluate the efficacy of that treatment, since he was not involved in that aspect of the plaintiff's care (see Wasserman v Staten Is. Radiological Assoc., 2 AD3d 713). Raber's expert concluded that the treatment rendered by Raber to the plaintiff was at all times in accordance with accepted standards of practice in internal medicine, and there is no evidence that Raber departed from accepted standards of practice in his treatment of the plaintiff.
The plaintiffs raised no triable issue of fact, having submitted no opposition to Raber's motion (see Macancela v Wycoff Heights Medical Center, 176 AD3d 795, 798). Therefore, the Supreme Court should have granted Raber's motion for summary judgment dismissing the complaint insofar as asserted against him.
MASTRO, J.P., AUSTIN, LEVENTHAL and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court