Many v Lossef (2021 NY Slip Op 00165)





Many v Lossef


2021 NY Slip Op 00165


Decided on January 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2018-12054
 (Index No. 8726/10)

[*1]Donna Many, et al., appellants, 
v
William Jay Lossef, etc., defendant, Stephen S. Weisglass, etc., respondent.


Macaluso & Fafinski, P.C., Bronx, NY (Donna A. Fafinski and Joseph G. Macaluso of counsel), for appellants.
Amabile & Erman, P.C., Staten Island, NY (Frank A. DiScipio and Stephanie Berger of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for dental malpractice and lack of informed consent, etc., the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Kings County (Gloria M. Dabiri, J.), dated May 29, 2018. The order and judgment, insofar as appealed from, granted that branch of the motion of the defendant Stephen S. Weisglass which was for summary judgment dismissing the complaint insofar as asserted against him, and is in favor of that defendant and against the plaintiff dismissing the complaint insofar as asserted against that defendant.
ORDERED that the order and judgment is reversed insofar as appealed from, on the law, with costs, the complaint is reinstated insofar as asserted against the defendant Stephen S. Weisglass, and that branch of the motion of that defendant which was for summary judgment dismissing the complaint insofar as asserted against him is denied.
The plaintiffs commenced this action, inter alia, to recover damages for dental malpractice. They alleged that the defendant Stephen S. Weisglass departed from accepted standards of dental practice in performing a "mini-flap" procedure, which was a surgical procedure, on the plaintiff Donna Many (hereinafter the injured plaintiff) to remove dental cement retained after the insertion of a permanent crown by the defendant William Jay Lossef. The plaintiffs also alleged that Weisglass failed to obtain the injured plaintiff's informed consent for the surgery because he did not inform her of less invasive alternatives to remove the retained cement. Further, the plaintiffs alleged that the plaintiff Joseph Many has been deprived of the services, companionship, and consortium of the injured plaintiff as a result of Weisglass's alleged negligence.
Weisglass moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against him. In an order and judgment dated May 29, 2018, the Supreme Court, among other things, granted that branch of Weisglass's motion which was for summary judgment dismissing the complaint insofar as asserted against him. The plaintiffs appeal.
"In a dental malpractice action, the requisite elements of proof are a deviation or departure from accepted standards of dental practice, and that such departure was a proximate cause [*2]of the plaintiff's injuries" (Nelson v Lighter, 179 AD3d 933, 934 [internal quotation marks omitted]; see Silveri v Glaser, 166 AD3d 1044, 1045-1046). "A defendant moving for summary judgment has the initial burden of establishing that he or she did not depart from good and accepted practice, or if there was such a departure, that it was not a proximate cause of the plaintiff's injuries" (Nelson v Lighter, 179 AD3d at 934; see Silveri v Glaser, 166 AD3d at 1046). "To sustain this burden, the defendant must address and rebut any specific allegations of malpractice set forth in the plaintiff's bill of particulars" (Nelson v Lighter, 179 AD3d at 934 [internal quotation marks omitted]; see Silveri v Glaser, 166 AD3d at 1046).
"To defeat summary judgment, the nonmoving party need only raise a triable issue of fact with respect to the element of the cause of action or theory of nonliability that is the subject of the moving party's prima facie showing" (Nelson v Lighter, 179 AD3d at 934; see Silveri v Glaser, 166 AD3d at 1046). "However, mere conclusory allegations of malpractice, unsupported by competent evidence tending to establish the elements of the claim at issue, are insufficient to defeat summary judgment" (Nelson v Lighter, 179 AD3d at 934-935; see Silveri v Glaser, 166 AD3d at 1046). "In order not to be considered speculative or conclusory, expert opinions in opposition should address specific assertions made by the movant's experts, setting forth an explanation of the reasoning and relying on specifically cited evidence in the record" (Nelson v Lighter, 179 AD3d at 935 [internal quotation marks omitted]). In determining a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party (see Silveri v Glaser, 166 AD3d at 1045), and "all reasonable inferences must be resolved in favor of the nonmoving party" (Derise v Jaak 773, Inc., 127 AD3d 1011, 1011).
Here, the plaintiffs do not dispute that Weisglass made a prima facie showing of entitlement to judgment as a matter of law through the submission of the injured plaintiff's dental records, transcripts of relevant deposition testimony, and the affirmation of his expert, who opined within a reasonable degree of dental certainty that Weisglass did not depart from the applicable standard of care, and that his treatment did not proximately cause the injured plaintiff's injuries (see Mehtvin v Ravi, 180 AD3d 661, 663). However, in opposition, the plaintiffs raised a triable issue of fact as to whether Weisglass departed from the applicable standard of care in removing the retained cement by performing the "mini-flap" procedure, instead of performing the less invasive procedure of periodontal scaling, and whether such departure was a proximate cause of the injured plaintiff's injuries and subsequent surgeries. Summary judgment is not appropriate in a dental malpractice action where, as here, the parties adduce conflicting medical expert opinions, since conflicting expert opinions raise credibility issues which are to be resolved by the factfinder (see Pinnock v Mercy Med. Ctr., 180 AD3d 1088, 1090; Gentile v Malihan, 179 AD3d 902, 904).
Contrary to the Supreme Court's determination, the affidavit of the plaintiffs' expert does not contain conclusory and unsupported allegations. The affidavit and the opinions therein are based on, and contain citations to, dental records, photographs and X rays of the injured plaintiff's mouth, and the deposition testimony of Weisglass and Lossef. Furthermore, contrary to Weisglass's contention, viewing the evidence in the light most favorable to the nonmoving parties (see Silveri v Glaser, 166 AD3d at 1045), the plaintiffs' expert addressed the location of the cement and opined that using periodontal scaling instruments would be sufficient to remove all of the retained dental cement, noting that if Weisglass had difficulty accessing the cement, he had the option to simply remove the crown to provide for better access. Accordingly, the court should have denied that branch of Weisglass's motion which was for summary judgment dismissing the cause of action to recover damages for dental malpractice insofar as asserted against him.
"[L]ack of informed consent is a distinct cause of action requiring proof of facts not contemplated by an action based merely on allegations of negligence" (Godel v Benjy Goldstein & George Freud, D.D.S., PLLC, 155 AD3d 939, 941 [internal quotation marks omitted]; see Walker v Saint Vincent Catholic Med. Ctrs., 114 AD3d 669, 670). "To establish a cause of action to recover damages based on lack of informed consent, a plaintiff must prove (1) that the person providing the professional treatment failed to disclose alternatives thereto and failed to inform the patient of reasonably foreseeable risks associated with the treatment, and the alternatives, that a reasonable medical practitioner would have disclosed in the same circumstances, (2) that a reasonably prudent [*3]patient in the same position would not have undergone the treatment if he or she had been fully informed, and (3) that the lack of informed consent is a proximate cause of the injury" (Gilmore v Mihail, 174 AD3d 686, 688 [internal quotation marks omitted]; see Godel v Benjy Goldstein & George Freud, D.D.S., PLLC, 155 AD3d at 941-942).
Here, the plaintiffs do not dispute that Weisglass made a prima facie showing of entitlement to judgment as a matter of law through the submission of the injured plaintiff's dental records, including a consent form, and Weisglass's deposition testimony. However, in opposition, the plaintiffs raised a triable issue of fact as to whether a reasonable dental practitioner would have disclosed the viable alternative treatment of periodontal scaling, and whether a reasonably prudent patient in the injured plaintiff's position would have undergone the "mini-flap" procedure had she or he been fully informed. Accordingly, the Supreme Court should have denied that branch of Weisglass's motion which was for summary judgment dismissing the cause of action alleging lack of informed consent insofar as asserted against him.
The cause of action alleging loss of consortium is derivative in nature (see Sokoloff v Schor, 176 AD3d 120, 133; Taggart v Costabile, 131 AD3d 243, 257). In light of our determination that the Supreme Court should not have dismissed the other causes of action insofar as asserted against Weisglass, the court also should have denied that branch of Weisglass's motion which was for summary judgment dismissing the cause of action alleging loss of consortium insofar as asserted against him.
Weisglass's remaining contention is without merit.
DILLON, J.P., BARROS, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court