Toby v Meneshian (2023 NY Slip Op 06770)

Toby v Meneshian

2023 NY Slip Op 06770

Decided on December 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
BETSY BARROS
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2020-03482
 (Index No. 610297/16)

[*1]Linda Susan Wohst Toby, et al., respondetns,
v
Alex . Meneshian, et al., appellants.

Fumoso, Kelly, Swart, Farrell, Polin & Christesen, LLP, Happauge, NY (Scott G. Cristesen of counsel), for appellants.
Pegalis Law Group, LLC, Lake Success, NY (Robert V. Fallarino of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for dental malpractice, etc., the defendants appeal from an order of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), dated March 11, 2020. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiffs commenced this action, inter alia, to recover damages for dental malpractice, etc. alleging that the plaintiff Linda Susan Wohst Toby (hereinafter the injured plaintiff) was injured when the defendant Alex V. Meneshian negligently and unnecessarily removed three of the injured plaintiff's teeth. The defendants moved for summary judgment dismissing the complaint. The Supreme Court denied the motion by order dated March 11, 2020. The defendants appeal.
"In a dental malpractice action, the requisite elements of proof are a deviation . . . from accepted standards of dental practice, and that such departure was a proximate cause of the plaintiff's injuries" (Schmidt v Bangiyev, 210 AD3d 924, 924 [internal quotation marks omitted]; see Silveri v Glaser, 166 AD3d 1044, 1045-1046; Koi Hou Chan v Yeung, 66 AD3d 642, 642). A defendant moving for summary judgment has the initial burden of establishing that he or she did not depart from good and accepted practice, or if there was such a departure, that it was not a proximate cause of the plaintiff's injuries (see Schmidt v Bangiyev, 210 AD3d at 924; Kelapire v Kale, 189 AD3d 1197, 1198; Kozlowski v Oana, 102 AD3d 751, 752-753). "To sustain this burden, the defendant must address and rebut any specific allegations of malpractice set forth in the plaintiff's bill of particulars" (Schmidt v Bangiyev, 210 AD3d at 925 [internal quotation marks omitted]; see Mathias v Capuano, 153 AD3d 698, 699; Koi Hou Chan v Yeung, 66 AD3d at 643). To defeat summary judgment "the nonmoving party need only raise a triable issue of fact with respect to the element of the cause of action or theory of nonliability that is the subject of the moving party's prima facie showing" (Schmidt v Bangiyev, 210 AD3d at 925 [internal quotation marks omitted]; see Many v Lossef, 190 AD3d 721, 722; Stukas v Streiter, 83 AD3d 18, 23). However, the allegations of malpractice cannot be speculative or conclusory, and the opposing expert must address specific assertions made by the movant's experts, explain the reasoning, and cite the evidence in the record [*2](see Schmidt v Bangiyev, 210 AD3d at 925; Many v Lossef, 190 AD3d at 722).
Here, the defendants met their burden of establishing, prima facie, their entitlement to judgment as a matter of law dismissing the dental malpractice cause of action by showing that the defendants did not depart from good and accepted dental practice in the course of treatment. However, in opposition to the motion, the plaintiffs raised a triable issue of fact as to whether the defendants departed from the applicable standard of care. The plaintiffs adduced the opinion of a competent expert who opined, based on the injured plaintiff's dental records and other record evidence, that the defendants departed from the good and accepted standard of care and caused her injuries by, among other things, determining that the three teeth needed to be extracted instead of treated.
The defendants' remaining contention is without merit.
Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint.
LASALLE, P.J., BARROS, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court