| **Ryan v Rock** |
| --- |
| 2024 NY Slip Op 34558(U) |
| December 18, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 805319/2019 |
| Judge: Kathy J. King |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. KATHY J. KING                    PART                    06
                    *Justice*

------------------------------------------------------------------------X

THOMAS J. RYAN, and CHRISTINE RYAN,                INDEX NO.          805319/2019

                              Plaintiffs,          MOTION DATE        05/26/2023

                    - v -                           MOTION SEQ. NO.        005

GREGG D. ROCK, DR. DENNIS SHAVELSON, LENOX
HILL HOSPITAL, and DR STEVEN MASLAK,                   **DECISION + ORDER ON
                                                            MOTION**
                              Defendants.

------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 005) 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127

were read on this motion to/for          SUMMARY JUDGMENT (AFTER JOINDER)          .

Upon the foregoing papers, Defendant Gregg D. Rock ("Dr. Rock") moves pursuant to CPLR 3212 for summary judgment dismissing the complaint on the ground that no material issues of fact exist, and that Dr. Rock is entitled to summary judgment as a matter of law.

Plaintiffs oppose the motion.

After oral argument and upon review of the moving papers and opposition thereto, the Defendants' motion is granted in part and denied in part.

Plaintiff Thomas Ryan ("Plaintiff") brings this medical malpractice action against the named Defendants alleging a first cause of action sounding in medical and podiatric malpractice, from October 2017 to approximately January 2018, based on the Defendants' failure to 1) properly perform a bunion surgery, and 2) provide proper care for an infection.[1] The second cause of action asserts a claim for lack of informed consent and a third cause of

---

[1] Defendants Dr. Dennis Shavelson defaulted in the action and, the remaining Defendants, Dr. Steven Maslak and Lennox Hill Hospital, have not moved for summary judgment.
.

**805319/2019   RYAN, THOMAS J. vs. ROCK, GREGG D.**                     **Page 1 of 7**
**Motion No. 005**

[* 1]

action is a derivative claim for loss of services on behalf of the Plaintiff's spouse, Christine Ryan. Specifically, the Plaintiff's Bill of Particulars asserts that the Plaintiff suffered a post-surgical infection resulting in osteomyelitis and nonunion of the first metatarsal of the right foot, which necessitated intravenous antibiotic therapy and additional surgical interventions, ultimately causing permanent deformity of the right foot. Issue was joined on behalf of the moving Defendant Dr. Rock on February 27, 2020, and the underlying action was commenced by the filing of a Summons and Complaint on October 2, 2019.

A proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law by submitting admissible evidence that demonstrates the absence of material issues of fact that would require a trial (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). In a medical malpractice action, a movant must provide evidentiary proof in the form of expert opinions and factual evidence establishing that the defendants complied with accepted standards of medical care and practice, obtained informed consent, and/or that the defendants' conduct was not a proximate cause of plaintiff's alleged injuries (*see* N.Y. Public Health Law § 2805-d; *see also Alvarez v Prospect Hosp.*, 68 NY2d at 325). Once the proponent makes a prima facie showing, the burden shifts to the opponent to demonstrate, by admissible evidence, the existence of a material issue of fact that requires resolution at trial (*see Zuckerman v City of New York*, 49 NY2d 557, 558-59 [1980]).

In support of the motion, the moving Defendants submit the affidavit of Barry Rosenblum ("Dr. Rosenbum"), a board-certified Podiatrist who opines to the standard of care within a reasonable degree of podiatric certainty that there were no departures from the standard of care by Dr. Rock. Dr. Rosenblum also opines that no act or omission by the Defendants was

805319/2019   RYAN, THOMAS J. vs. ROCK, GREGG D.
Motion No.  005

Page 2 of 7

the proximate cause of the injuries alleged by the Plaintiff.

Citing the record, Dr. Rosenblum indicates that Plaintiff first presented to Dr. Rock as a referral from Dr. Shavelson, a Podiatrist, with a painful right first metatarsal joint with limited range of motion. Dr. Rosenblum also notes that Dr. Rock's preoperative records and x-rays confirm a loss of first metatarsal joint space consistent with arthritic changes, together with Plaintiff's complaints. Dr. Rosenblum opines that the recommendation of a fusion procedure by Dr. Rock was appropriate based on Plaintiff's presenting condition, and a cheilectomy (shaving of bone spurs) and a decompression osteotomy with internal fixation performed by Dr. Rock on September 8, 2017. Dr. Rosenblum opines that Dr. Rock's decision to refer the Plaintiff to an infectious disease specialist between October 16 and 18, 2017 during the Plaintiff's hospitalization at Lennox Hill Hospital, was timely and appropriate. Dr. Rosenblum opines that when Plaintiff returned to Dr. Rock on November 6, 2017 Dr. Rock documented the presence of continued clear yellow drainage from the surgical site, and appropriately obtained a culture of the drainage to identify the causative organism of said yellow drainage. Dr. Rosenblum points out that no further growth was indicated when the culture results were reported to Dr. Rock on November 10, 2017. Dr. Rosenblum concludes that Dr. Rock's November 13, 2017 patient notes appropriately describe the culture as negative at that time.

Dr. Rosenblum opines that upon referral to Dr. Maslak, an infectious disease physician, the responsibility for the management of the Plaintiff's infection was transferred to Dr. Maslak. According to Dr. Rosenblum, the communication between Dr. Rock and Dr. Maslak regarding the treatment of the Plaintiff's postoperative infection neither absolves Dr. Maslak of his obligation to chart the course of treatment for the infection, nor imposes upon Dr. Rock the obligation to do so.

**805319/2019   RYAN, THOMAS J. vs. ROCK, GREGG D.**
**Motion No.  005**

Page 3 of 7

[* 3]

The Court finds that based on the affidavit of Dr. Rosenblum the Defendant has established a prima facie showing to summary judgment that Dr. Rock acted within the standard of care in performing the bunionectomy and timely prescribing antibiotics when Plaintiff presented with signs of post-surgery infection. Further, the Defendant Dr. Rock also made a prima facie showing that that the injuries were not the proximate cause of Defendant's claimed departure.

The Plaintiff, in opposition, submits the affirmation of a board-certified Foot and Ankle Surgeon ("Expert A"). Expert A opines, within a reasonable degree of podiatric certainty, that Dr. Rock departed from good and accepted standards of podiatric care and practice when he failed to request further testing of the November 6, 2017 culture despite being notified by LabCorp that mycobacteria requiring organism identification by sequencing was present on the Plaintiff's November 22, 2017 visit.[2] Expert A further opines that Dr. Rock departed from the standard of care by failing to establish the cause of the infection during the incision and drainage procedure on November 24, 2017. Expert A explains that good and accepted standards of podiatric care require incision and drainage and a bone biopsy and culture at the surgical site, in the presence of drainage, movement of the bone, together with X-ray and MRI results indicative of infection, such as in the Plaintiff's case. According to Expert A, Dr. Rock departed from good and accepted standards of care by only addressing the second interspace abscess and ignoring the initial surgical site.

Based on the conflicting opinions of the respective experts, Defendant Dr. Rock's motion is denied as to Plaintiff's medical malpractice cause of action. It is well settled that "[s]ummary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting

---

[2] Plaintiffs have redacted the name of their expert pursuant to CPLR 3101(d).

**805319/2019   RYAN, THOMAS J. vs. ROCK, GREGG D.**                              **Page 4 of 7**
**Motion No.  005**

medical expert opinions" because "[s]uch credibility issues can only be resolved by a jury" (*see Hayden v Gordon*, 91 AD3d 819, 821 [2d Dept 2012]; *Feinberg v Feit*, 23 AD3d 517 [2d Dept 2005]; *Griffin v Cerabona*, 103 AD3d 420 [1st Dept 2013]).

Specifically, the experts of the respective parties raised issues of fact as to the failure to 1) obtain further testing of the November 6, 2017 culture; 2) provide complete and accurate information to Dr. Maslak thereafter; 3) open and drain the surgical site and biopsy the bone; 4) take a culture from the surgical site on November 24, 2017; and 5) failure to properly diagnose, manage and treat Plaintiff's mycobacterial infection on November 24, 2017.

At the same time, the Court also notes that Defendant's argument is unavailing as to Dr. Rock's duty to the patient as to treatment once the referral was made to the appropriate specialist. In *Reyz v. Khelensky* (44 AD 3d 640 [2d Dept 2007]), the Court held that there was a question of fact as to whether the referring physician who was involved in the patient's care can be held liable for any mistakes and deviations in the standard of care made by the treating physician (*see also Burtman v Brown*, 97 AD3d 156 [1st Dept 2012]).

Notably, the Plaintiff also cites case law which indicates that joint liability may be imposed where the referring physician was involved in decisions regarding diagnosis and treatment to such an extent as to make them his or her own negligent acts (*see Mandel v. New York Cnty. Pub. Adm'r*, 29 AD3d 869 [2d Dept 2006]; *see also Datiz by Datiz v Shoob*, 71 NY2d 867, 868-69 [1988]).

Further, the Court finds that dismissal of the derivative claim for loss of consortium filed by the Plaintiff's wife is not justified considering the presence of triable issues of fact regarding the quality of care/treatment provided to the Plaintiff by Dr. Rock and the causal connection between his treatment and the Plaintiff's alleged injuries (*see Many v Lossef*, 190 AD3d 721 [2d Dept 2021]).

805319/2019   RYAN, THOMAS J. vs. ROCK, GREGG D.                    Page 5 of 7
Motion No.  005

5 of 7

With respect to that portion of the instant motion seeking dismissal of the Plaintiff's claim for lack of informed consent, in order to establish a prima facie case of lack of informed consent, a "Plaintiff must show that the doctor failed to disclose a reasonably foreseeable risk; that a reasonable person, informed of the risk, would have opted against the procedure; that the Plaintiff sustained an actual injury; and that the procedure was the proximate cause of that injury" (*see Orphan v. Pilnik*, 66 AD3d 543, 544 [1st Dept 2009], *affg* 15 NY3d 907 [2010]; N.Y. Public Health Law § 2805-d[1]-[3]).

Here, Dr. Rosenblum opines that informed consent was appropriately obtained since Plaintiff signed a consent form stating that Dr. Rock fully explained to him the nature and purpose of the planned procedure, informed him of the expected benefits, complications, risks, and alternatives and that he was given the opportunity to ask questions. While Plaintiff testified that he signed a consent form, and its contents were not discussed with him, it is well settled that [e]vidence of an "informed consent" discussion in the form of deposition testimony or medical records strengthens the defendants' showing in this regard. *See Orphan v. Pilnik*, 66 AD3d 543 [1st Dept 2009], *affg* 15 NY3d 907 [2010]; *see also Johnson v. Staten Is. Med. Group*, 82 AD3d 708, 709 [2d Dept 2011]). In *Johnson v. Staten Is. Med. Group* (82 AD3d 708, 709 [2d Dept 2011]), the Court held that where the plaintiff signed an informed consent form, the form itself was sufficient to carry the defendants' prima facie burden on summary judgment.

Accordingly, the Court finds that the Defendant Dr. Rock made a prima facie showing on the issue of lack of informed consent which Plaintiff has failed to rebut.

Based on the foregoing, it is hereby

**ORDERED** that the motion is granted to the extent of dismissing the Plaintiff's malpractice claims for podiatric treatment occurring prior to November 6, 2017, and after

November 24, 2017, and the Plaintiff's claim for lack of informed consent; and it is further

**ORDERED** that in all other respects the Defendant's motion is denied; and it is further

**ORDERED** that the movant serve this decision with notice of entry on all parties within ten (10) days of this order; and it is further

**ORDERED** that all remaining parties appear for an in-person settlement conference on March 4, 2025, at 11:30am in room 351.

This constitutes the decision of the Court.

| 12/18/2024 | | | | | | |
|---|---|---|---|---|---|---|
| **DATE** | | | | KATHY J. KING, J.S.C. | | |
| CHECK ONE: | ☐ | CASE DISPOSED | X | NON-FINAL DISPOSITION | | |
| | ☐ | GRANTED | ☐ DENIED | X | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | | ☐ | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | | ☐ | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

805319/2019   RYAN, THOMAS J. vs. ROCK, GREGG D.   Page 7 of 7
Motion No.  005

7 of 7