| Flowers v FSP 787 Seventh LLC |
|:---:|
| 2025 NY Slip Op 31253(U) |
| April 10, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 156127/2019 |
| Judge: Paul A. Goetz |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. PAUL A. GOETZ**                PART                    47

                                *Justice*

-------------------------------------------------------------------------------X

JASON FLOWERS, KERLANN FLOWERS,

|  | |
|---|---|
| INDEX NO. | 156127/2019 |

                    Plaintiffs,

|  | |
|---|---|
| MOTION DATE | 01/16/2025, 01/16/2025, 01/16/2025, 01/16/2025 |

            - v -

FSP 787 SEVENTH LLC,SIDLEY AUSTIN LLP, STRUCTURE TONE, LLC,

|  | |
|---|---|
| MOTION SEQ. NO. | 002 003 004 005 |

                    Defendants.

-------------------------------------------------------------------------------X

STRUCTURE TONE, LLC

                                            Third-Party
                                    Index No.  595953/2019
                    Plaintiff,

            -against-

PENGUIN AIR CONDITIONING CORP., PRECISION TESTING & BALANCE OF NY CORP.

                    Defendants.
-------------------------------------------------------------------------------X

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 184, 189, 259, 260, 261, 262

were read on this motion to/for                 JUDGMENT - SUMMARY           .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 264

were read on this motion to/for                 JUDGMENT - SUMMARY           .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 231, 232, 233, 234, 235, 236, 263, 265, 267, 268, 269, 270, 271, 272, 274

were read on this motion to/for           SUMMARY JUDGMENT(AFTER JOINDER     .

The following e-filed documents, listed by NYSCEF document number (Motion 005) 237, 238, 239, 240, 241, 242, 243, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, 256, 257, 258, 266

were read on this motion to/for           SUMMARY JUDGMENT(AFTER JOINDER     .

**156127/2019   FLOWERS, JASON vs. FSP 787 SEVENTH LLC**                **Page 1 of 5**
 **Motion No.  002 003 004 005**

1 of 5

[* 1]

Upon the foregoing documents, it is

ORDERED that plaintiff's motion (MS #2) for summary judgment on liability for his Labor Law § 240(1) as against defendants, FSP 787 Seventh LLC ("FSP"), Sidley Austin LLP[1] ("Sidley"), and Structure Tone, LLC ("Structure Tone"), is granted because plaintiff has established entitlement to judgement on liability through his testimony that he was caused to fall when the unsecured ladder he was standing on suddenly shifted (NYSCEF Doc No 168 at 223:9 – 224:4) (*see Rom v Eurostruct, Inc.*, 158 AD3d 570 [1st Dept 2018] [plaintiff entitled to summary judgment on Labor Law § 240 claim based on testimony that ladder he was working on shifted causing him to fall], and contrary to defendant's arguments, plaintiff is "not required to show that the ladder was defective in some manner" to be entitled to summary judgment (*Dwyer v Cent. Park Studios, Inc.*, 98 AD3d 882, 883 [1st Dept 2012]), and while defendants, in support of their argument that plaintiff was the "sole proximate cause" of his accident submit testimony from, Structure Tone superintendent, Peter Maloney who testified that he was told by Peter Van Glahn, that plaintiff was standing at the top of the ladder, "relying solely on speculative hearsay testimony … fail[s] to raise an issue of fact as to the way the accident occurred" (*Luciano v New York City Hous. Auth.*, 157 AD3d 617 [1st Dept 2018]) and furthermore, Van Glahn in his own deposition denied seeing plaintiff prior to his fall (*see* NYSCEF Doc No 174 at 25:19 – 26:7)[2]; and it is further

---

[1] Sidley argues that they cannot be liable because it is a tenant who lacked the ability to control plaintiff's work, however, Sidley's status as a tenant does not shield it from liability, where as here it contracted for the work plaintiff was performing (*Morato-Rodriguez v Riva Const. Group, Inc.*, 115 AD3d 401 [1st Dept 2014]; *see* NYSCEF Doc No 262 [contract between Sidley and Structure Tone contracting for renovation work]).

[2] Q: Did you see [plaintiff] at any point right before the incident on the day of the incident?
A: No.
Q: There was some testimony prior to today that you walked by that temporary office and you saw the plaintiff on a ladder. Is that correct?
A: No, that's not correct.
Q: Did you ever tell anyone that you saw the plaintiff on a ladder?
A: No, I never seen him.

**156127/2019   FLOWERS, JASON vs. FSP 787 SEVENTH LLC**
**Motion No.  002 003 004 005**

**Page 2 of 5**

2 of 5

ORDERED that the portion of third-party defendant, Penguin Air Conditioning Corp.'s ("Penguin") motion (MS #3) for summary judgment on its cross-claim against third-party co-defendant, Precision Testing & Balance of NY Corp. ("Precision"), on its contractual indemnification claim is granted, as Penguin has submitted the subcontract between Penguin and Precision (NYSCEF Doc No 210) which requires Precision to indemnify Penguin for claims "arising out of or relating to this Subcontract or the performance of Subcontractor's [Precision's] Work", and it is undisputed that plaintiff's injury arose out of his work for his employer, Precision (NYSCEF Doc No 199), and further Penguin has established that it was not negligent by submitting unopposed testimony that it was not on sight the day of the accident, never gave direction to plaintiff, and that it did not provide plaintiff with the ladder he fell from (NYSCEF Doc No 207 at 16:16 – 16:19, 23:20 – 24:11; NYSCEF Doc No 202 at 190:17 – 190:25); and it is further

ORDERED that the portion of Penguin's unopposed motion (MS #3) seeking dismissal of Precision's cross-claims and Structure Tone's third-party claim for common law indemnification and contribution claims as against it, is granted because as stated above, Penguin has established it was not negligent (*Mohan v Atl. Ct., LLC*, 134 AD3d 1075 [2d Dept 2015] ["In order to establish a claim for common-law indemnification, a party must prove not only that it was not negligent, but also that the proposed indemnitor's actual negligence contributed to the accident"]); and it is further

ORDERED that the portion of FSP, Sidley, and Structure Tone's , motion (MS #4) seeking dismissal of plaintiff's Labor Law § 200 and common law negligence claims as against them is granted, as they have established they did not supervise plaintiff or cause the alleged

**156127/2019   FLOWERS, JASON vs. FSP 787 SEVENTH LLC**
**Motion No.  002 003 004 005**

**Page 3 of 5**

3 of 5

incident (*see Williams v McAlpine Contr. Co.*, 235 AD3d 521 [1st Dept 2025]), and plaintiff does not oppose dismissal of these claims; and it is further

ORDERED that the portion of FSP, Sidley, and Structure Tone's motion (MS #4) [3]seeking dismissal of the complaint in its entirety as against Sidley is denied because as stated above, Sidley's status as a tenant does not shield it from liability, when as here it contracted for the work plaintiff was performing (*Morato-Rodriguez v Riva Const. Group, Inc.*, 115 AD3d 401 [1st Dept 2014]); and it is further

ORDERED that the portion of FSP, Sidley, and Structure Tone's motion (MS #4) seeking summary judgment as against Penguin and Precision for their contractual indemnification claims is granted as Penguin agreed to indemnify Structure Tone from "from damages . . . arising in whole or in party and in any manner form the acts, omissions, breach or default of [Penguin], [as well as] sub-subcontractors" (NYSCEF Doc No 226) and Precision agreed to indemnify "Contractor, Customer, Owner, and their owners, shareholders, officers, directors, consultants, agents, sureties, and employees" (NYSCEF Doc No 227) in their subcontract with Penguin and thus they are entitled to summary judgment on their contractual indemnification claims against both parties; and it is further

ORDERED that the portion of FSP, Sidley, and Structure Tone's motion (MS #4)[4] seeking dismissal of Precision's third-party counterclaims as against them is granted as Precision does not oppose this portion of the motion; and it is further

---

[3] While, movants also argue in their Memorandum of Law for dismissal of the "loss of consortium claim" as against Sidley, asserted by Kerlann Flowers, it was not in their Notice of Motion and pursuant to CPLR § 2214(a) should not be considered, however even disregarding this technical deficiency it must be denied because the claims asserted as against Sidley by plaintiff Jason Flowers have not been dismissed and thus, there is no cause to dismiss the derivative "loss of consortium" claim  (*Many v Lossef*, 190 AD3d 721 [2d Dept 2021])

[4] While FSP, Sidley, and Structure Tone also purport to move for summary judgment against the counterclaims brought by Penguin, Penguin did not assert any counterclaims.

**156127/2019   FLOWERS, JASON vs. FSP 787 SEVENTH LLC**
**Motion No.  002 003 004 005**

**Page 4 of 5**

4 of 5

ORDERED that Precision's motion (MS #5) for summary judgment on Structure Tone's common-law indemnification and contribution claims as against it is granted since it is undisputed that Precision was plaintiff's employer and pursuant to Worker's Compensation Law § 11 "An employer shall not be liable for contribution or [common-law] indemnity to any third person based upon liability for injuries sustained by an employee acting within the scope of his or her employment for such employer unless such third person proves through competent medical evidence that such employee has sustained a 'grave injury,'" and here there has been no evidence submitted by Structure Tone alleging that plaintiff has suffered a "grave injury" (*see Aramburu v Midtown W. B, LLC*, 126 AD3d 498 [1st Dept 2015]).

20250410151836PGOETZ3DFBSS64C66044F0902D66BD118E3011

__4/10/2025__
__DATE__

__PAUL A. GOETZ, J.S.C.__

CHECK ONE: ☐ CASE DISPOSED ☒ NON-FINAL DISPOSITION

☐ GRANTED ☐ DENIED ☒ GRANTED IN PART ☐ OTHER

APPLICATION: ☐ SETTLE ORDER ☐ SUBMIT ORDER

CHECK IF APPROPRIATE: ☐ INCLUDES TRANSFER/REASSIGN ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE

**156127/2019  FLOWERS, JASON vs. FSP 787 SEVENTH LLC**
**Motion No.  002 003 004 005**

**Page 5 of 5**

5 of 5