Clinkscales v Tostanoski (2025 NY Slip Op 04701)

Clinkscales v Tostanoski

2025 NY Slip Op 04701

Decided on August 20, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 20, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2023-00933
 (Index No. 60704/20)

[*1]Keith T. Clinkscales, et al., appellants-respondents,
v
Jean R. Tostanoski, etc., et al., respondents-appellants.

Quintairos, Prieto, Wood & Boyer, P.A., White Plains, NY (Nancy Ledy-Gurren of counsel), for appellants-respondents.
Amabile & Erman, P.C., Staten Island, NY (Adriana M. Solimeo of counsel), for respondents-appellants.

DECISION & ORDER
In an action to recover damages for medical malpractice and lack of informed consent, etc., the plaintiffs appeal, and the defendants cross-appeal, from an order of the Supreme Court, Westchester County (Damaris E. Torrent, J.), dated December 13, 2022. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging lack of informed consent. The order, insofar as cross-appealed from, denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging medical malpractice, except to the extent that cause of action pertained to cataract surgery performed by the defendant Jean R. Tostanoski.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting those branches of the defendants' motion which were for summary judgment dismissing the cause of action alleging lack of informed consent insofar as asserted against the defendants Jay A. Fleischman and Hudson Valley Eye Associates, LLP, and substituting therefor a provision denying those branches of the motion, and (2) by deleting the provision thereof denying that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against the defendant Jean R. Tostanoski, except to the extent that cause of action pertained to cataract surgery performed by that defendant, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
In September 2020, the plaintiff Keith T. Clinkscales (hereinafter the injured plaintiff), and his wife suing derivatively, commenced this action, inter alia, to recover damages for medical malpractice and lack of informed consent. The plaintiffs alleged, among other things, that the defendant Jean R. Tostanoski, who performed cataract surgery on the injured plaintiff's right eye in February 2018, failed to obtain the injured plaintiff's informed consent to perform that surgery manually, rather than with the assistance of a laser, and negligently performed that surgery. In addition, the plaintiffs alleged that the defendant Jay A. Fleischman, who performed a YAG vitreolysis on the injured plaintiff's right eye in February 2019, failed to adequately obtain the injured plaintiff's informed consent for that procedure, and negligently recommended and performed [*2]that procedure. The plaintiffs alleged that the defendants' negligent treatment of his right eye caused him to develop a retinal tear and detachment. Further, the plaintiffs alleged that the defendant Hudson Valley Eye Associates, LLP (hereinafter Hudson Valley), was vicariously liable for the acts of Tostanoski and Fleischman.
The defendants moved for summary judgment dismissing the complaint. In an order dated December 13, 2022, the Supreme Court (1) granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging lack of informed consent, (2) granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging medical malpractice to the extent that cause of action pertained to the cataract surgery performed by Tostanoski, and (3) otherwise denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging medical malpractice. The plaintiffs appeal, and the defendants cross-appeal.
"To establish a cause of action to recover damages based on lack of informed consent, a plaintiff must prove (1) that the person providing the professional treatment failed to disclose alternatives thereto and failed to inform the patient of reasonably foreseeable risks associated with the treatment, and the alternatives, that a reasonable medical practitioner would have disclosed in the same circumstances, (2) that a reasonably prudent patient in the same position would not have undergone the treatment if he or she had been fully informed, and (3) that the lack of informed consent is a proximate cause of the injury" (Ciceron v Gulmatico, 220 AD3d 732, 734-735 [internal quotation marks omitted]).
Here, the defendants' submissions, including a transcript of Tostanoski's deposition testimony and an expert affirmation, established, prima facie, that Tostanoski informed the injured plaintiff of the reasonably foreseeable risks, benefits, and alternatives to performing the cataract surgery manually, that a reasonably prudent patient in the injured plaintiff's position would not have declined to undergo the surgery, and that the surgery did not proximately cause the injured plaintiff's injuries (see Ciceron v Gulmatico, 220 AD3d at 735-736; Pirri-Logan v Pearl, 192 AD3d 1149, 1152). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging lack of informed consent insofar as asserted against Tostanoski.
However, the Supreme Court should have denied those branches of the defendants' motion which were for summary judgment dismissing the cause of action alleging lack of informed consent insofar as asserted against Fleischman and Hudson Valley. The defendants' submissions were sufficient to establish, prima facie, that Fleischman informed the injured plaintiff of the reasonably foreseeable risks, benefits, and alternatives to the YAG vitreolysis, that a reasonably prudent patient in the plaintiff's position would not have declined to undergo that procedure, and that the procedure did not proximately cause the injured plaintiff's injuries (see Ciceron v Gulmatico, 220 AD3d at 735-736; Pirri-Logan v Pearl, 192 AD3d at 1152). However, in opposition, the plaintiffs' submission of an expert affirmation raised triable issues of fact as to whether Fleischman failed to adequately inform the injured plaintiff of the risk of retinal detachment from undergoing YAG vitreolysis, whether a reasonably prudent patient in the injured plaintiff's position would have opted for "watchful waiting" instead of undergoing YAG vitreolysis if he or she had been fully informed, and whether the YAG vitreolysis proximately caused the injured plaintiff's injuries (see Rich v Donnenfeld, 191 AD3d 909, 911; Many v Lossef, 190 AD3d 721, 723; Santiago v Filstein, 35 AD3d 184, 187).
"The requisite elements of proof in a medical malpractice action are a deviation or departure from accepted standards of medical practice, and evidence that such deviation was a proximate cause of injury" (Hackett v Bybordi, 212 AD3d 598, 599 [internal quotation marks omitted]). "A defendant moving for summary judgment has the initial burden of establishing that he or she did not depart from good and accepted practice, or if there was such a departure, that it was not a proximate cause of the plaintiff's injuries" (Toby v Meneshian, 222 AD3d 1029, 1030). "To sustain this burden, the defendant must address and rebut any specific allegations of malpractice set [*3]forth in the plaintiff's bill of particulars" (id. [internal quotation marks omitted]). "To defeat summary judgment, the nonmoving party need only raise a triable issue of fact with respect to the element of the cause of action or theory of nonliability that is the subject of the moving party's prima facie showing" (id.; see Stukas v Streiter, 83 AD3d 18, 23). "Summary judgment is not appropriate . . . [when] the parties [submit] conflicting medical expert opinions because [s]uch conflicting expert opinions will raise credibility issues which can only be resolved by a jury" (Hall v Bolognese, 210 AD3d 958, 963 [internal quotation marks omitted]).
Here, the defendants' submissions, including their expert affirmation, established, prima facie, that Tostanoski did not depart from good and accepted medical practice during her care of the injured plaintiff and that any alleged departures were not a proximate cause of the injured plaintiff's injuries (see Gruen v Brathwaite, 215 AD3d 927, 928-929). Moreover, the defendants established, prima facie, that Tostanoski did not depart from good and accepted medical practice by deferring to Fleischman, a retinal specialist, for the assessment and treatment of a posterior capsular opacification (see Wasserman v Staten Is. Radiological Assoc., 2 AD3d 713, 714), and that Tostanoski did not owe a duty of care to supervise Fleischman during Fleischman's evaluation and treatment of the injured plaintiff (see Aaron v Raber, 188 AD3d 967, 968-969). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against Tostanoski.
However, the Supreme Court properly denied those branches of the defendants' motion which were for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against Fleischman and Hudson Valley. In opposition to the defendants' prima facie showing that Fleischman did not depart from good and accepted medical practice and that any alleged departures were not a proximate cause of the injured plaintiff's injuries, the plaintiffs' submissions, including their expert affirmation, raised triable issues of fact as to whether Fleischman deviated from the appropriate standard of care and whether any deviation proximately caused the injured plaintiff's injuries (see Hall v Bolognese, 210 AD3d at 964).
DUFFY, J.P., WOOTEN, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court